Keefer, Appellant, *v.* Pacific Mutual Life Insurance Company of California.

*Insurance — Accident insurance — "External, violent and accidental cause"—Evidence—Province of court and jury.*

In an action on a policy of accident insurance to recover death benefits, evidence is insufficient to support a finding that the death was caused solely by an external, violent and accidental cause, which is in effect that the deceased in apparent good health, left his home for a walk, came back in half an hour with a bruise on his right temple and scratches on his face, saying he had fallen on loose stones in the path, complained of pains in his head, shortly lapsed into unconsciousness, and remained in that condition for two days, until he died; that no one saw the alleged accident, or knew how, when or where it occurred; that the attending physician was unable to speak with any certainty or conviction as to the cause of death; and that expert medical testimony was strongly in support of the theory, that death resulted from uræmic poison.

In such a case a point requesting the court to charge that the presumption was that the contused wound upon the temple of the deceased was an accidental injury, was properly refused, inasmuch as the inquiry was not as to the cause of the bruise, but as to the cause of the fall, and the could be no presumption as between disease and accidental cause.

*Evidence—Res gestæ—Declarations.*

No fixed measure of time or distance from the main occurrence can be established as a rule to determine what shall be part of the res gestæ. Each case must necessarily depend on its own circumstances to determine whether the facts offered are really part of the same continuous transaction.

In an action upon a policy of accident insurance to recover death benefits, declarations of the deceased as to an alleged fall are inadmissible where it appears that, if the fall occurred at all, the deceased must have got up and returned over a distance of several hundred feet, and that a period of time varying from fifteen minutes to half an hour elapsed before he came walking deliberately back to the witnesses who were offered to prove the declarations.

*Practice, Supreme Court—Assignments of error—Exceptions—Judgment on question of law reserved.*

An assignment of error to the entry of judgment for defendant upon a question of law reserved will not be considered by the appellate court where the record shows that no exception was taken by the plaintiff to the entry of the judgment in the court below; nor will an assignment as to a reservation of the question of law be considered, where it appears that no exception was taken to the form of the reservation.

In an action on a policy of accident insurance a question of law is prop-

erly reserved as follows: "Whether there is any evidence in this case that death was caused solely by external, violent and accidental causes." MITCHELL, J., dissents.

Argued April 30, 1901. Appeal, No. 2, Jan. T., 1901, by plaintiff, from judgment of C. P. Cumberland Co., Feb. T., 1900, No. 133, for defendant non obstante veredicto in case of Ellen Keefer v. Pacific Mutual Life Insurance Company of California. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Assumpsit on a policy of accident insurance. Before E. W. BIDDLE, P. J.

At the trial it appeared that on May 29, 1899, John W. Keefer, husband of the plaintiff, took out a policy in the company defendant for $2,000 in favor of the plaintiff for one year. The policy provided that the insurance should only become due in the case of death from bodily injuries caused solely by external, violent and accidental means. The plaintiff claimed that the death of the insured was caused by an accidental fall. No witness was offered who saw the deceased fall. It appeared, however, that the deceased, in apparent good health, left his home for a walk, came back in half an hour with a bruise on his temple, shortly after he lapsed into unconsciousness, and remained in that condition for two days until he died.

When Daniel Quigley was on the stand the following offer was made:

Mr. Bergner: Now, may it please the court, we propose to ask this witness what John W. Keefer said to him with respect to the injury to his head at the time he called his attention to it, immediately after he appeared on the porch; the deceased's explanation of the wound on his temple, his physical feeling of pain and otherwise at the time of the declarations. This upon the well settled rule that when a party is exhibiting his injury and describing his ailment, he may tell its symptoms and cause, as a part of the res gestæ.

Mr. Miller: The offer to show declarations of the deceased person is objected to:

1. Because the witness says that the last time he saw the deceased was when he was ten feet beyond the spring house,

the spring house being about sixty feet beyond the house; that then he disappeared and he didn't know what had become of him. The witness does not therefore know at what time or where the alleged accident took place.

2. That the witness says that from the last time he saw him until he again saw him on his return, one half hour of time had elapsed. It is not pretended in the offer, nor the proofs to show by this witness that he was at the place of the accident, nor that he saw it, nor that he saw the deceased before he came away from the accident.

3. That the alleged accident had ended; that the deceased person was coming away from the alleged accident alone, unassisted, walking at his usual and ordinary gait; that in order to make the declarations of a deceased person injured, or alleged to have been injured, or hurt, or killed, admissible, the declarations must be made to the witness while the party is still lying upon the ground, or is in direct connection with part of the accident in order to make it a portion of the res gestæ.

4. That this is not part of the res gestæ and is clearly inadmissible and incompetent.

The Court: Under the facts before us, we are of the opinion that the statements made by John W. Keefer to the witness are not part of the res gestæ, and are therefore inadmissible in evidence. The objections are sustained and an exception noted for plaintiff. [1]

Mrs. Ellen Keefer on the stand:

Mr. Wetzel: We propose to ask the witness on the stand if her husband, immediately on his return to the house, after having left her at the spring house from thirty to forty-five minutes before, what declarations he made to her as to how and where he obtained the fresh, apparent and existing bruise on his right temple and the cause of the pain he was then suffering. This for the purpose of proving the cause of the said bruise and pain, and further, to show the said Keefer died by means of an external, violent and accidental cause.

Mr. Miller: We repeat the same objections made to the former offers.

The Court: The objections are sustained, and an exception noted for plaintiff. [2]

Plaintiff presented this point:

The presumption in this case is that the contused wound upon the right temple of John W. Keefer was an accidental injury. *Answer:* This point is refused. The point is vague and indefinite, but we assume that by "accidental injury" is meant an injury which was caused solely by external and violent means, and was not occasioned either directly or indirectly by vertigo or other bodily infirmity. [3]

The court reserved the following points of the defendant:

10. That the whole testimony in the cause leaves the question whether the death of John W. Keefer was the result of kidney disease, or of some other serious disease, in absolute doubt; and it, therefore, becomes the duty of the court to instruct the jury that there can be no recovery in this case, the burden of proof being upon the plaintiff.

12. There being no sufficient proof in this case as to how the bruise on the head of John W. Keefer was produced, the jury cannot be permitted to speculate or guess as between the several different theories that Keefer tripped and fell, that he fell as the result of a convulsion or vertigo, or that the injury was inflicted by another person or otherwise, and the verdict must, therefore, be for defendant.

13. Under the law and the evidence in the cause the verdict must, therefore, be for defendant.

In regard to the thirteenth point we say specially: We reserve for future determination the question whether there is any evidence in this case to sustain a verdict for the plaintiff, that is, whether there is any evidence that John W. Keefer's death was caused solely by external, violent and accidental causes. We will take your verdict subject to our decision hereafter on those reserved points of law.

Verdict for plaintiff for $2,058, subject to the questions of law reserved. The court entered judgment for defendant non obstante veredicto.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) above instruction, quoting it; (4) in reserving the points as above, quoting them; (5) in entering judgment for defendant non obstante veredicto.

*John W. Wetzel,* of *Wetzel & Hambleton,* with him *Charles H.*

*Bergner*, for appellant.—The declarations were part of the res gestæ and should have been admitted : Travelers' Ins. Co. v. Mosley, 8 Wall. 397 ; Com. v. Werntz, 161 Pa. 597 ; Com. v. McPike, 3 Cush. 184 ; Com. v. Van Horn, 188 Pa. 167 ; Elkins, Bly & Co. v. McKean, 79 Pa. 501 ; Cattison v. Cattison, 22 Pa. 276 ; Travelers' Ins. Co. v. Mosley, 75 U. S. 397.

There was sufficient evidence offered by the plaintiff to show the death of Keefer to have been due to " external, violent and accidental means : " Howard Express Co. v. Wile, 64 Pa. 206 ; Travellers' Ins. Co. v. McConkey, 127 U. S. 661 ; 8 Supr. Ct. Repr. 1360 ; First Nat. Bank v. Hartford Fire Ins. Co., 95 U. S. 673 ; Western Ins. Co. v. Cropper, 32 Pa. 351 ; Reynolds v. Commerce Fire Ins. Co., 47 N. Y. 597 ; Peck v. Equitable Accident Assn., 52 Hun, 255 ; Cronkhite v. Travelers' Ins Co., 75 Wis. 116 ; 43 N. W. Repr. 731 ; Mallory v. Travelers' Ins. Co., 47 N. Y. 52 ; Freeman v. Travelers' Ins. Co., 144 Mass. 572 ; 12 N. E. Repr. 372 ; Continental Ins. Co. v. Delpeuch, 82 Pa. 226.

*Meade D. Detweiler* and *A. G. Miller*, for appellee.—The declarations were not part of the res gestæ : Tompkins v. Saltmarsh, 14 S. & R. 275 ; Cattison v. Cattison, 22 Pa. 275, 277 ; Elkins, Bly & Co. v. McKean, 79 Pa. 493 ; Penna. R. R. Co. v. Lyons, 129 Pa. 113 ; Clever v. Hilberry, 116 Pa. 431 ; Thomas v. Miller, 165 Pa. 216 ; Waldele v. New York, etc., R. R. Co., 95 N. Y. 274 ; Martin v. New York, etc., R. R. Co., 103 N. Y. 626 ; Board of Commissioners of Hancock County v. Leggett, 115 Ind. 547 ; Savannah, etc., Ry. Co. v. Holland, 82 Ga. 257 ; Vicksburg, etc., R. R. Co. v. O'Brien, 119 U. S. 99 ; 7 Supr. Ct. Repr. 118 ; Binns v. State, 57 Ind. 47 ; Forrest v. State, 21 Ohio, 641 ; Lund v. Tyngsborough, 9 Cush. 41 ; Tilson v. Terwilliger, 56 N. Y. 273 ; Rockwell v. Taylor, 41 Conn. 55.

The evidence was insufficient to submit to the jury : Manning v. John Hancock Mutual Life Ins. Co., 100 U. S. 693 ; Douglass v. Mitchell, 35 Pa. 440 ; O'Gara v. Eisenlohr, 38 N. Y. 296 ; Hamilton v. People, 29 Mich. 193 ; McAleer v. McMurray, 58 Pa. 126 ; Phila. City Pass. Ry. Co. v. Henrice, 92 Pa. 431 ; Welsh v. Wyoming Valley R. R. Co., 181 Pa. 463 ; Ford v. Anderson, 139 Pa. 263 ; Mulhern v. Lehigh Valley Coal Co., 161 Pa. 270 ; Phila. v. Reading R. R. Co. v. Schertle,

97 Pa. 450; First Nat. Bank of Dubois v. First Nat. Bank of Williamsport, 114 Pa. 1.

The burden of proving accidental death in a suit upon an accident policy is upon the plaintiff, and until some proof is offered tending to establish one of several equally reasonable theories, some consistent with the theory of accidental death, and some inconsistent with it, a case is not made out: Merrett v. Preffered Masonic Mutual Accident Assn., 98 Mich. 338; Nat. Masonic Accident Assn. v. Shryock, 73 Fed. Repr. 774; Martin v. Travellers' Ins. Co., 1 F. & F. 505.

OPINION BY MR. JUSTICE POTTER, February 24, 1902:

The real subject for consideration in this case is not accurately set forth by appellant in the statement of the question involved. The court below did not, as therein stated, reserve a point, that " Under all the law and evidence in the case, the verdict must be for the defendant." The actual point reserved was, whether there is any evidence that John W. Keefer's death was caused solely by external, violent and accidental causes. Under this reservation, the question for consideration is not whether the insured did die from external, violent and accidental means, but whether or not there was any evidence in the case which would justify the jury in so finding. The court left it to the jury to decide whether John W. Keefer's death was due solely to external, violent and accidental causes, or whether it was occasioned either wholly or in part by disease, reserving, for further determination, the question as to whether there was any evidence to justify the jury in concluding that the death was due to external, violent and accidental cause.

The appellant has presented here six assignments of error. The fifth of these is, that the learned court erred in entering judgment upon the question of law reserved. It does not appear, however, from the record that any exception was taken by plaintiff to the entry of judgment in the court below; and as Judge SHARSWOOD said in Northumberland County Bank v. Eyer, 60 Pa. 439, " It is evident that without a bill of exceptions, the facts admitted or found, on which the question was reserved, are not properly on the record." This disposes of the fifth assignment of error.

Turning to the fourth specification, we find that it alleges

error upon the part of the court, in reserving the question of law; but here again the record fails to show that any exception was taken to the form of the reservation of the question, upon which judgment was subsequently entered; and under Rynd v. Baker, 193 Pa. 486, and cases there cited, the appellant cannot now be heard in this court against it. The question of law actually reserved was, " Whether there is any evidence in this case that John W. Keefer's death was caused solely by external, violent and accidental causes." This was undoubtedly a good reservation, and is in accordance with the requirements laid down, in the line of cases, culminating in Casey v. Pennsylvania Asphalt Paving Co., 198 Pa. 348. The fourth assignment of error must therefore fall.

We have not, however, rested upon the lack of compliance with technical requirements, but have carefully reviewed the testimony. We have looked in vain for any evidence upon which could be based a finding that the death was caused by external, violent and accidental means. Nor is there room for any such inference to be reasonably drawn from anything in the proofs. It is only by drawing an inference from an inference, instead of from a fact, or by basing a presumption upon a presumption, that such a result can be reached. The plaintiff's right to recover was limited under the terms of the policy to death from violent, external and accidental causes. If death was the result of disease, the claim made here was without foundation. The burden of proof was upon the plaintiff, and how was it sustained? The jury were asked to infer, first, that the plaintiff suffered a fall; second, that the fall was accidental, and not the result of disease such as vertigo or cerebral apoplexy; third, that death resulted as a consequence of the fall. All this in the absence of an eyewitness to the fact of accidental or external injury, and without direct evidence that there was a fall. No one testified how, when, or where, it occurred. Nowhere in the testimony does there appear anything more than a conjecture, that the death was caused by accident, rather than by disease. The physician who was in attendance upon the deceased for the two or three days intervening between the first seizure and the death, and who also made the post mortem examination, was unable to speak with any certainty or conviction as to the cause of death.

The expert medical testimony was strongly in support of the theory that death resulted from uræmic poison. Under such circumstances the finding of the jury that the cause of death was accidental and external, could be nothing more than a mere guess ; how could a conclusion thus reached be sustained, in the absence of any direct proof as to the fact, the cause, or the effect of a fall. No presumption can with safety be drawn from a presumption.

The plaintiff's first point requested the court to charge that the presumption in this case is that the contused wound upon the right temple of John W. Keefer was an accidental injury, and the court's refusal to so charge is made the subject of the third assignment of error. But we see no mistake here, and we think the learned court was right. The point as presented was not in line with the question for determination. The inquiry was not as to the cause of the bruise, but as to the cause of the fall, and there could be no presumption as between disease and accidental cause, within the terms of the policy. This assignment is therefore overruled.

We are satisfied that the opinion of the learned court below, upon the question of law reserved, is fully vindicated by the facts of the case.

This leaves for consideration the first, second and sixth assignments, which all allege error in the rejection of the declarations of the deceased. They were rejected as being too remote in time and place from the main fact, to be admissible as part of the res gestæ. As was said by our Brother MITCHELL in Commonwealth v. Werntz, 161 Pa. 596 : "No fixed measure of time or distance from the main occurrence can be established as a rule to determine what shall be part of the res gestæ. Each case must necessarily depend on its own circumstances to determine whether the facts offered are really part of the same continuous transaction."

In the present case the main fact inquired about was a fall, which if it occurred must have been almost instantaneous. It would be hard to suggest an instance in which the main fact would occur more quickly, and the event be sooner ended. It is unlike the case of a fight, more or less prolonged, or an assault, or a transaction involving some time in its occurrence. It would be an act practically no sooner begun than ended. If

the offer had been to prove an exclamation or a cry, uttered during the act of falling, or an explanation made immediately upon rising, and before sufficient time had elapsed to permit the possibility of deliberation or design, then the offer would have been within the rule. But as it was, every settled test excludes it. If the deceased fell while walking by himself, he got up and returned over a distance of several hundred feet, and a period of time varying from fifteen minutes to half an hour elapsed before he came walking deliberately back to the witnesses.

This under the circumstances was a marked break in the continuity of events; was quite sufficient to turn any explanation then made into a narrative of a past occurrence; was ample to permit of deliberation or design, and thus removed the impress of spontaneity. The deceased had gone away from the place; the act was done; the transaction was closed; therefore a conversation at a time some fifteen minutes later and at a place several hundred feet away, could not under the circumstances of this case be admitted as evidence. It would be no part of the occurrence, and would be only his own account of the affair.

The assignments of error are all overruled, and the judgment is affirmed.

Mr. Justice Mitchell, dissenting:

A man in apparent good health, with no evidence of any premonitory symptoms of serious disease, left his home for a walk, came back in half an hour with a bruise on his right temple and scratches on his face, saying he had fallen on loose stones in the path, complained of pain in his head, shortly lapsed into unconsciousness and remained in that condition two days until he died. Prima facie the evidence points to external violence as the cause of death. The fact that the injuries were not such as ordinarily would kill, and the presence of symptoms indicating uræmic poisoning may raise a doubt as to the real cause of death, but it is a doubt for a jury, not the court, to settle. The absence of a complete post mortem examination which might more clearly have determined the cause of death is not the plaintiff's fault. Defendant had notice and did not ask a post mortem. I am also of

opinion that the declarations of the deceased as to the cause of the fall were clearly within the rule as to res gestæ and regard the opinion in this case as at variance with that filed today in Van Eman v. Fidelity Co.   I would reverse this judgment and enter judgment for plaintiff on the verdict.