# Greed, Appellant, v. Manufacturers' Light and Heat Company.

*Negligence—Gas Company—Explosion—Defective pipe in dwelling—Burden of proof—Nonsuit.*

1. In an action against a gas company to recover damages for the death of plaintiff's husband, which was caused by an explosion of gas in a room adjoining the apartment in which the deceased lived, the case should be taken from the jury where all that appears by the plaintiff's case is that the plaintiff and her husband occupied the southern half of a double house; that the northern half, except the room in which the explosion occurred, was leased to another; that the defendant company installed a meter in the northern apartment at the request of the lessee thereof; that the latter turned on the gas in his apartment, and discovering after several hours that the gas was leaking in the room which was connected with and was intended subsequently to be included in the plaintiff's apartment, gave notice to the deceased; that while the latter was investigating, an explosion occurred which caused his death; and that the company had not installed the pipes and had no control over them, and there is no evidence that the company did not give notice of the leak to the proper parties.

*Evidence—Negligence—Declarations—Res gestæ.*

2. In an action against a gas company to recover damages for the death of plaintiff's husband caused by an explosion, proof of the declarations of the deceased made three hours before the explosion as to what defendant's employees had said to him, and proof of other declarations of the deceased when he reached the hospital, about three-quarters of an hour after the explosion, are properly rejected as not being part of the res gestæ.

Argued October 16, 1912. Appeal, No. 131, Oct. T., 1912, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1912, No. 1058, on verdict for defendant by direction in case of Louise Greed v. Manufacturers' Light and Heat Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before McILVAINE, P. J.

The facts appear by the opinion of the Supreme Court.

The jury found a verdict for the defendant by direction.

*Errors assigned* were (1, 2, 3) rulings on evidence referred to in the opinion of the Supreme Court; (4 and 5) in giving binding instructions for the defendant.

*John C. Bane,* with him *H. B. Hughes* and *B. G. Hughes,* for appellant.—The proof of the declarations of the decedent as proffered by the plaintiff should have been admitted as part of the res gestæ: Com. v. Werntz, 161 Pa. 591.

The case of Schmeer v. Gas Light Company, 147 N. Y. 529 (42 N. E. Repr. 202), is direct authority for submitting the case to the jury on the question of defendant's negligence.

*R. W. Irwin,* with him *James A. Wiley,* for appellee. —The decedent's declarations were not admissible as part of the res gestæ: Keefer v. Life Insurance Co., 201 Pa. 448; Waldele v. N. Y. C. & H. R. R. R. Co., 95 N. Y. 274; Merkle v. Bennington Twp., 58 Mich. 156 (24 N. W. Repr. 776); Com. v. Hackett, 84 Mass. 136; Rowell v. Lowell, 77 Mass. 420; Stone v. Segur, 93 Mass. 568; Whitaker v. Eighth Ave. R. R. Co., 51 N. Y. 295; Roche v. Brooklyn, Etc., R. Co., 105 N. Y. 294 (11 N. E. Repr. 630); Leistritz v. Am. Zylonite Co., 154 Mass. 382 (28 N. E. Repr. 294).

Defendant's only duty upon discovering a leak was to shut off the gas and notify the parties and the burden is on the plaintiff to prove that they did not do so: Soles v. Natural Gas Company, 48 Pa. Superior Ct. 84; Flint v. Gloucester Gas Light Co., 85 Mass. 343.

OPINION BY MR. JUSTICE BROWN, January 6, 1913:

A verdict was directed for the defendant company because, in the judgment of the court below, no negligence on its part had been shown; and it is clear from the remarks of the learned trial judge at the close of the testimony, when he was asked to direct the verdict returned, that he had, upon due reflection, concluded that the motion for a nonsuit should have prevailed.

The plaintiff and her husband, at the time of the gas explosion which resulted in his death, occupied the southern half of a double house. The northern half or apartment, except the room in which the explosion occurred, had been leased by the owner to George Dager, but he and his family had not yet occupied it. Under an agreement with the landlord, the room in which the gas escaped was to be added to the southern apartment after April 1, 1911. In pursuance of this agreement, he had locked the door between it and the remainder of the northern apartment and had left the door between it and the southern apartment either unlocked, or locked with the key in the hands of the deceased, the tenant of the southern apartment. The gas for that apartment was supplied by the defendant company, and it was to supply gas to the northern apartment. Each had its own gas pipes and meter. The meter in the northern apartment was set on February 10, 1911. About 2 o'clock in the afternoon of that day Mrs. Dager went to the house, and, finding the gas turned off, turned it on to enable her to heat water. About three hours afterward, having discovered that gas was escaping in the room referred to, she promptly shut off the flow and directed a woman who was with her to notify the parties occupying the southern apartment that there was a leak in the room which they had leased. She directed a plumber who was working for her to stop the leak. He went over to the southern apartment and found the deceased at home. They both went up to the room in which the gas was escaping, and just as the

deceased reached the door the explosion occurred. It does not appear that the defendant company had any knowledge that this room had been leased to him. This, however, is immaterial.

In a case like this negligence is never presumed from the mere happening of the accident. He who alleges it must affirmatively prove it, or point to such circumstances as naturally and reasonably lead to the conclusion of carelessness on the part of the accused as the proximate cause of the occurrence which resulted in the injuries complained of. Tested by this rule, what was developed in the presentation of plaintiff's case which justified any inference of negligence on the part of the defendant company? It had nothing to do with the installation of the gas pipes. They were placed in the building by the owner or tenant of the property and the duty of the gas company was to supply gas to the occupants when requested. It had not installed the pipes; it had no control over them, and was in no manner responsible for the condition in which they were to be maintained. That responsibility rested exclusively upon the owner or tenant of the house; and when Mrs. Dager asked that a meter be set in the apartment which she and her husband had leased, the defendant company was warranted in assuming that the interior system of pipes was sufficiently secure to permit the gas to be introduced with safety: Soles v. People's Natural Gas Company, 48 Pa. Superior Ct. 84; Schmeer v. Gas Light Company, 147 N. Y. 529.

When Mrs. Dager went to the house she found the meter set, but with the gas turned off. There is no evidence that, up to this time, anything had been done or omitted to be done by the defendant indicating negligence on its part. Mrs. Dager found the gas turned off, presumably by the employees of the gas company at the time they set the meter; but she turned it on and started the flow through the pipes in the house. If it had appeared that the employees of the gas company

discovered a leak in the pipes when they installed the meter, it would have been their duty to notify the tenants not to turn on the gas until the leak was stopped; but, assuming that they had discovered the leak, there is no evidence that they did not give notice of it to the proper parties. Under the rule that there is no presumption of negligence, the burden was upon the plaintiff to show failure to give notice.

In presenting her case, the plaintiff failed, as the learned trial judge correctly held, to show any negligence on the part of the defendant; while, on the other hand, two of its employees testified that, after they had set the meter, and a leak was discovered, they turned off the gas and notified the tenant of the southern apartment of the leak and requested him to tell the parties who were to occupy the northern apartment not to turn on the gas until the leak was stopped. If the case had turned upon the testimony of these two witnesses, called by the defendant, their credibility would, of course, have been for the jury; but it did not so turn, for, in the absence of any proof or facts from which it might have been inferred that they had not given notice that the gas should not be turned on until the leaking pipe was repaired, the presumption stands that they had performed their duty. Schmeer v. Gas Light Company, supra, is cited by counsel for appellant as an authority that the question of appellee's negligence was for the jury. For the reasons stated, we cannot so recognize that case.

The first assignment alleges error in excluding proof of the declarations of the deceased when he reached the hospital, about three-quarters of an hour after the explosion. The offer to prove these declarations was overruled, on the ground that they were not part of the res gestæ, having been made too long after the accident. This was a correct ruling, for there had been a break in the continuity of events, and whatever the deceased may have said after he reached the hospital was but a

narrative of a past occurrence, lacking the impress of spontaneity. Every settled test excluded the offer: Keefer v. Life Insurance Company, 201 Pa. 448. The offer to prove the alleged declarations of the deceased, made three hours before the explosion, as to what the meter man had said to him, was much more objectionable than the offer to prove his declarations made in the hospital forty-five minutes after the explosion, and they were properly excluded as being in no conceivable sense part of the res gestæ. The five assignments of error are overruled and the judgment is affirmed.