# Leonard *v.* Baltimore & Ohio Railroad Company, Appellant.

*Negligence — Railroads — Ejection of passenger at dangerous place—Damages—Compensatory and exemplary damages — Pleadings—Statement of claim—Amendment—Departure—Measure of damages—Present worth—Instructions—Failure to request more specific instructions.*

1. In an action of tort, damages necessarily following as a natural and probable result of the injury may be proved without special averment as defendant will be presumed to be aware of such consequences of his conduct, and hence cannot plead surprise when proof of such injury is made. Damages of a special nature and not the usual consequences of the wrong complained of, however, must be specially averred that defendant may be informed of the claim and given an opportunity to prepare his defense; but where the action is for injuries to the person the jury may consider, without special averment, pain and suffering, expense incurred for medical treatment and loss of time caused by inability to work at the usual occupation of the injured person, inasmuch as these are the natural and usual results of an injury.

2. In an action to recover damages for death of plaintiff's husband due to the alleged negligence of the employees of defendant railroad company in ejecting deceased from its car at a dangerous place, in consequence of which he was killed by a passing train, defendant complained of the admission in evidence of matters tending to show loss of earnings and profits of deceased as a farmer as a basis for compensatory damages, where plaintiff's statement claimed exemplary and punitive damages only. The statement first contained an averment that plaintiff claimed damages "in the sum of twenty-five thousand dollars ($25,000) and in addition to the above sum claims punitive damages from said defendant company, upon a cause of action whereof the following is a statement." Succeeding paragraphs set forth the manner in which deceased met his death, and that his loss of life was due to defendant's employees "wilfully, wantonly, knowingly and unlawfully" ejecting him from its train at a dangerous place. Plaintiff also averred deceased's occupation was that of a farmer and that he "derived great gains and emoluments from tilling the soil and kindred industries, a large portion of which went to the maintenance and support of her and her family," of which she had been deprived through the negligence of defendant. Plaintiff also claimed to recover for funeral

expenses, and for the loss of the companionship of her husband. The concluding paragraph stated: "Wherefore, and by reason of which, she claims damages in the sum of twenty-five thousand dollars as exemplary damages, and in addition thereto she claims punitive damages for the wilful, wanton, reckless, careless and unlawful conduct" of defendant's employees. Plaintiff admitted the terms "exemplary damages" and "punitive damages" were synonymous in practice, and claimed the word "exemplary" was inserted in the statement by mistake for the word "compensatory." No offer to amend in this respect appears to have been made but, in dismissing defendant's motion for a new trial, the court below held the testimony offered as to loss of earnings was fully covered by the paragraph of the claim relating to the occupation of deceased and that the limitation in the concluding paragraph did not necessarily prevent the introduction of evidence to show compensatory damages. Defendant did not plead surprise and case was tried on above theory. *Held,* no error.

3. The error in the statement might have been amended at any time since it would not set up a new cause of action barred by the statute of limitations. The cause of action being the wrongful act of negligence resulting in the injury to the plaintiff, an amendment merely adding an additional item of claim for damages issuing out of the same wrongful act is not a departure.

4. In such case, in charging on the measure of damages based on the earnings of the deceased, the court said that in fixing the amount of earnings the jury should consider the age, health, ability and disposition to labor and the habits of living of deceased and referred to the testimony touching the extent of his farming occupation. *Held,* that although the instruction in this respect was brief it was not erroneous and in the absence of a request from defendant for further specific instructions, did not constitute reversible error.

5. In such case, in instructing the jury on the question of the present worth of future earnings, the court charged: "So far as compensation depends or is estimated upon future earnings or accumulations, such earnings or accumulations are to be anticipated and capitalized and their present worth determined. That is, what lump sum paid now would be their equivalent?" *Held,* that the instruction, although brief, was a correct statement of the law and that in the absence of a request for more extended charge, did not constitute reversible error.

*Negligence—Railroads—Evidence—Res gestæ — Conversation— Rulings by trial judge—Questions considered on appeal.*

6. In negligence cases where the actual occurrence is confined to a brief space of time, the res gestæ of the transaction is accord-

ingly limited, and the period when declarations become merely a narrative of a past occurrence ordinarily begins immediately after the accident. If the transaction is complete and ended, its ending marks the limitation of the res gestæ of the event and declarations subsequent thereto become merely narrative of past matters.

.7. In an action against à railroad company to recover damages for death of plaintiff's husband through alleged negligence of defendant's employees in ejecting him from its car at a dangerous place, the admission of evidence over defendant's objection of a conversation between the conductor of the train and the witness shortly after deceased had been ejected and after the train had departed from the next station after receiving and discharging passengers at that stop, was reversible error.

8. Where plaintiff's evidence as to a conversation after the accident was objected to as not being pertinent and plaintiff's counsel urged its competency because of "its happening so close to the time" and immediately afterwards the trial judge overruled defendant's objection, it cannot be urged on appeal that the question of res gestæ was not considered or ruled in the court below.

Argued May 7, 1917. Appeal, No. 143, Jan. T., 1917, by defendant, from judgment of C. P. Fayette Co., Dec. T., 1915, No. 2963, on verdict for plaintiff in case of Victoria Leonard v. Baltimore and Ohio Railroad Company. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before REPPERT, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $6,194 and judgment thereon. Defendant appealed.

*Errors assigned* were the admission of certain evidence, various portions of the charge and failure to direct verdict for defendant.

*D. W. McDonald,* with him *James R. Cray* and *Thomas H. Hudson,* for appellant.—The averments of the statement did not warrant the admission of testimony as to compensatory damages: Laing v. Colder, 8

Pa. 479; Kightlinger v. Western Union Telegraph Co., 20 Pa. C. C. 630; Winkleblade v. Van Dyke, 161 Pa. 5.

Special instructions should have been given as to the testimony relating to the earnings of decedent: Goodhart v. Penna. R. R. Co., 177 Pa. 1; McLane v. Pittsburgh Rys. Co., 230 Pa. 29; Herbert v. Rainey, 162 Pa. 525; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Bates v. Carter Construction Co., 255 Pa. 200.

Instructions as to present worth were wholly inadequate: McLane v. Pittsburgh Rys. Co., 230 Pa. 29; Pauza v. Lehigh Valley Coal Co., 231 Pa. 577; Reitler v. Penna. R. R. Co., 238 Pa. 1; Gerber v. Philadelphia, 60 Pa. Superior Ct. 119.

The conversation with the train conductor should have been excluded: Briggs v. East Broad Top R. R. & Coal Co., 206 Pa. 564; Ogden v. Penna. R. R. Co., 1 Monaghan (Pa.) 249.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellee.—The statement is sufficient to sustain the cause of action. If there was a defect in the statement, it was purely formal and was cured by the verdict: Jones v. Freyer, 3 W. N. C. 365; Corson v. Hunt & Abrahams, 14 Pa. 510; Pittsburgh National Bank of Commerce v. Hall, 107 Pa. 583.

The charge of the trial judge was not erroneous, and if inadequate, there should have been a request for further instructions: Burns v. Penna. R. R. Co., 239 Pa. 207; Fortney v. Breon, 245 Pa. 47.

The conversation with the conductor was part of the res gestæ: Commonwealth v. Werntz, 161 Pa. 591.

OPINION BY MR. JUSTICE FRAZER, June 30, 1917:

Defendant appeals from a judgment for plaintiff for the death of her husband due to the alleged negligence of defendant's employees in ejecting him from its car at a dangerous place, in consequence of which he was killed, by a passing train. It being conceded the ques-

tion of negligence was for the jury, the assignments of error are consequently confined to the admission of evidence and charge of the court.

The first assignment complains of the admission of evidence of the number of acres in decedent's farm, the different crops cultivated and other similar matters tending to show loss of earnings and profits, as a basis for compensatory damages, the objection to such evidence being that plaintiff's statement claimed exemplary and punitive damages only, and consequently defendant was without notice or opportunity to meet and rebut the evidence so given. The statement first contains an averment that plaintiff claims damages "in the sum of twenty-five thousand dollars ($25,000) and in addition to the above sum claims punitive damages from said defendant company, upon a cause of action whereof the following is a statement." Succeeding paragraphs set forth the manner in which deceased met his death, and that his loss of life was due to defendant's employees "wilfully, wantonly, knowingly and unlawfully" ejecting him from its train at a dangerous place. Plaintiff also avers deceased's occupation was that of a farmer and that he "derived great gains and emoluments from tilling the soil and kindred industries, a large portion of which went to the maintenance and support of her and her family," of which she had been deprived through the negligence of defendant. Plaintiff also claims to recover for funeral expenses, and for the loss of the companionship of her husband. The concluding paragraph states: "Wherefore, and by reason of which, she claims damages in the sum of twenty-five thousand dollars ($25,000) as exemplary damages, and in addition thereto she claims punitive damages for the wilful, wanton, reckless, careless and unlawful conduct" of defendant's employees. Plaintiff admits the terms "exemplary damages" and "punitive damages" are synonymous in our practice, and claims the word "exemplary" was inserted in the statement by mistake for

the word "compensatory." No offer to amend in this respect appears to have been made, however, but, in dismissing defendant's motion for a new trial, the court below held the testimony offered as to loss of earnings was fully covered by the paragraph of the claim relating to the occupation of deceased and that the limitation in the concluding paragraph did not necessarily prevent the introduction of evidence to show compensatory damages. The opening paragraph, as mentioned above, avers plaintiff asks damages to the extent of $25,000, without stating the nature or character of the damages. Had the language of the concluding paragraph omitted the words "exemplary damages," there would be no room to deny a compensatory claim.

In an action of tort, damages necessarily following as a natural and probable result of the injury may be proved without special averments, as defendant will be presumed to be aware of such consequences of his conduct, and hence cannot plead surprise when proof of such injury is made: Hart v. Evans, 8 Pa. 13; Laing v. Colder, 8 Pa. 479; 13 Cyc. 175. Damages of a special nature and not the usual consequences of the wrong complained of, however, must be specially averred that defendant may be informed of the claim and given an opportunity to prepare his defense: 13 Cyc. 176; Hart v. Evans, supra; Laing v. Colder, supra, but where the action is for injuries to the person the jury may consider, without special averment, pain and suffering, expense incurred for medical treatment and loss of time for inability to work at the usual occupation of the injured person, inasmuch as these are the natural and usual results of an injury: Laing v. Colder, supra; Penna. & Ohio Canal Co. v. Graham, 63 Pa. 290. Under the general averments in the statement of claim showing the occupation deceased followed during his lifetime, the evidence objected to was admissible without special averment, and the plaintiff under such circumstances should not be precluded, by an apparent clerical error,

from recovering compensation.   The general averments of the statement, exclusive of the last paragraph, were notice to defendant of what it would be called upon to meet, and although the defect was one which might very properly have been amended, had not the trial judge concluded the statement was sufficient as it stood, the trial proceeded on the theory of a claim for compensatory damages, no claim of surprise or motion for continuance being made by defendant.   Under the circumstances we do not deem the first assignment sufficient to justify a reversal.   Plaintiff might have corrected the error at any time by amendment, such amendments having been allowed even in the appellate court: Brothers v. Mitchell, 157 Pa. 484.

As the case must go back for a new trial it may be proper to suggest that the error in the statement be amended.   Such amendment, aside from the construction we have put upon the plaintiff's statement, and assuming that compensatory damages have not been claimed, would not set up a new cause of action barred by the statute of limitations.   The cause of action is the defendant's act of negligence resulting in injury to plaintiff.   An amendment merely adding an additional item of claim for damages issuing out of the same wrongful act is not a departure.   This court has frequently held that an amendment simply introducing an additional element of damage arising out of the same circumstances may be allowed at any time: Puritan Coal Mining Co. v. Penna. R. R. Co., 237 Pa. 420; Armstrong & Latta v. Philadelphia, 249 Pa. 39.

The second assignment of error complains of inadequacy of the court's charge, in so far as it relates to the measure of damages based on the earnings of deceased, and also as to the instructions for determining the present worth of future earnings.   The court charged that in fixing the amount of earnings the jury should consider the age, health, ability and disposition to labor and the habits of living of deceased and referred to the

testimony touching the extent of his farming operations. While the instruction in this respect is brief it is not erroneous, and if defendant desired further specific instructions, a request to that effect should have been made: Fortney v. Breon, 245 Pa. 47. On the question of present worth, the court charged: "So far as compensation depends or is estimated upon future earnings or accumulations, such earnings or accumulations are to be anticipated and capitalized and their present worth determined. That is, what lump sum paid now would be their equivalent?" Here also the instruction, although brief, is a correct statement of the law, and, if counsel considered a more extended charge necessary, a request to that effect should have been made. Had a total absence of adequate instruction on this point appeared the court would be chargeable with reversible error, even though no request for a specific charge upon that subject was made by counsel: McLane v. Pittsburgh Rys. Co., 230 Pa. 29. The charge on this branch of the case while not erroneous would no doubt have been of greater help to the jury had the question of present worth been more fully enlarged upon.

The third assignment refers to the admission of evidence of a conversation between the conductor of the train and a witness shortly after deceased had been ejected and after the train had departed from the next station, after receiving and discharging passengers at that stop. The conversation complained of consisted of a question by the witness addressed to the conductor asking his reason for ejecting deceased "in front of that passenger train, when you knew the passenger train was due?" to which the conductor made no reply, the inference being an admission on the part of the latter of negligence. The reception of this evidence cannot be sustained on the ground of being part of the res gestæ, as contended by plaintiff. At the time, the incident was a bygone event, the transaction complete and the conversation between the conductor and the witness merely

a reference to past events, at most an expression of opinion on the part of the witness as to the responsibility for the accident and the failure of the conductor to reply. In negligence cases the actual occurrence is usually confined to a brief interval of time and the res gestæ of the transaction accordingly limited; consequently the period when declarations become merely a narrative of a past occurrence ordinarily begins immediately after the accident: Keefer v. Pacific Mutual Life Ins. Co., 201 Pa. 448. The question is not merely as to the measure of time or distance between the main occurrence and the subsequent conversation. A transaction may cover a considerable period of time or it may be completed in a moment and each case of this character must necessarily depend upon its particular circumstances. Hence, whether a few minutes or half an hour elapsed between the occurrence and the conversation is not the sole criterion for determining the competency of the latter as evidence. If, as in this case, the transaction is complete and ended, its ending marks the limitation of the res gestæ of the event, and declarations subsequent thereto become merely narrative of past matters. In the present case the occurrence was ended, the parties had departed from the scene of the accident, and, although but a short time had elapsed, the conversation was clearly outside the res gestæ of the transaction: Keefer v. Pacific Mutual Life Ins. Co., supra; Greed v. Manufacturers' Light & Heat Co., 238 Pa. 248, 252; Oster v. Schuylkill Traction Co., 195 Pa. 320.

It is also suggested the evidence was objected to as not being pertinent and its inadmissibility cannot now be maintained for other reasons. This objection might be sustained were it not that the record further shows plaintiff's counsel urged its competency because of its "happening so close to the time." Immediately after this suggestion, as the record discloses, the trial judge overruled defendant's objection. In this condition of

the record, we cannot say the court did not rule on the question of res gestæ.

The third assignment of error is sustained, the judgment is reversed and the record is remitted with a procedendo.