## Kelly v. American Stores Company et al. ·

*Workmen's compensation—Hearsay—Res gestæ—Act of June 26, 1919.*

1. The finding that claimant's decedent sustained an injury in the course of his employment cannot be based upon declarations made by him some time after the alleged occurrence had terminated; such declarations are hearsay and not part of the *res gestæ*, and, hence, incompetent.

2. Section 422 of the Workmen's Compensation Act of June 26, 1919, P. L. 663, although permitting liberal investigation by providing that the technical rules of evidence shall not apply to the conduct of the hearing, in requiring all findings of fact to be based upon competent evidence, indicates that, in making the findings, irrelevant and incompetent evidence must be excluded from consideration.

Appeal from decision of the Workmen's Compensation Board. C. P. No. 5, Phila. Co., Dec. T., 1921, No. 8542.

*Isaac M. Price,* for plaintiff; *Louis Wagner,* for defendants.

MONAGHAN, J., Feb. 8, 1923. — The claimant's husband, John Kelly, was employed by the American Stores Company as watchman; he was also called upon to do general work about the premises. The claimant contends that while her husband was engaged in repairing or doing some general work on the roof of the defendant's warehouse on May 8, 1920, he had a fall which injured his stomach, thus aggravating a cancerous condition that caused his death March 13, 1921.

This proceeding is under the Workmen's Compensation Act. The referee awarded compensation, and was sustained by the board. The case is now before us upon appeal from that decision.

The referee found as a fact "that on May 8, 1920, the said decedent, John Kelly, while in the course of his employment with the defendant sustained accidental injuries to his body by a fall, which said bodily injuries aggravated and accelerated a pre-existing condition of cancer, from which the said decedent was then suffering, and hastened his death on March 13, 1921."

Whether there was any *competent evidence* to sustain that finding is the question for our determination.

On the subject of proof, section 422 of the Workmen's Compensation Act of June 26, 1919, P. L. 663, provides: "Neither the board nor any referee shall be bound by the technical rules of evidence in conducting any hearing or investigation; all findings of fact shall be based upon competent evidence."

This rule, which forbids the making of material findings upon hearsay alone, is more than a technical rule of evidence, and there is nothing in the act which justifies the conclusion that the legislature intended any such loose method

for determining material facts. On the contrary, there is the express direction that all findings of fact shall be based upon competent evidence.

The act permits liberal investigation by hearing and otherwise; but after all the data have been gathered without regard to technical rules, then the proofs must be examined, and that which is not evidence within the meaning of the law must be excluded from consideration; that is to say, when all the irrelevant and incompetent testimony has been put aside, the findings must rest upon such relevant and competent evidence of sound, probative character as may be left, be this either circumstantial or direct: McCauley *v.* Imperial Woolen Co., 261 Pa. 312, 325-326; Wolford *v.* Geisel M. & S. Co., 262 Pa. 454; Onofrey *v.* Susquehanna Collieries Co., 274 Pa. 173.

The pivotal finding of fact, heretofore quoted, involves the affirmation of two distinct propositions, viz.: (1) That the employee had a fall in the course of his employment; (2) that the fall aggravated a cancerous condition of his stomach and hastened his death.

On the hearings before the referee, the only testimony produced for the purpose of establishing the fact of a "fall," and how, when and where it occurred, were the declarations made sometime after the alleged occurrence had terminated. The following is a summary of the testimony on the matter now considered:

Todd, employed by the defendant, said that Kelly came to him in the office, in the forepart of the day, and told him "he fell and nearly killed himself." He asked Kelly where he fell; the latter replied, "on the roof."

Kane, another employee of the defendant, testified that Kelly told him he slid from one roof to another, and he thought he hurt himself.

Hanrah testified that he knew only what "he heard about the accident."

Knox said he "heard them say he fell."

Morgan did not know anything about the accident.

Mary Kelly testified that on the evening of the day on which the accident happened, her father, the decedent, told her he had fallen off a roof and laid a long while, about three-quarters of an hour, unconscious, and some of the men took him to the Garretson Hospital.

These declarations were clearly hearsay and not competent. If Kelly was on the roof and had a fall, the declarations were not in the nature of exclamations or a cry uttered during the act of falling, or statements made immediately on arising, before sufficient time had elapsed to permit the possibilities of deliberation or design. His declaration to Todd and other witnesses was made after an appreciable lapse of time and at considerable distance from the place where the alleged accident occurred. There was a marked break in the continuity of events, quite sufficient to turn any explanation then made into a narrative of a past occurrence, ample to permit of deliberation and design, and thus remove the impress of spontaneity. The deceased had gone from the place, the act was done, the transaction closed, the decedent was walking about. The declarations were no part of the occurrence, but Kelly's own account of the affair, and cannot be considered as part of a continuous transaction and *res gestæ:* Keefer *v.* Pacific Mutual Life Ins. Co., 201 Pa. 448; Greed *v.* Manufacturers' Light and Heat Co., 238 Pa. 248; Leonard *v.* Baltimore & Ohio R. R. Co., 259 Pa. 51; McCauley *v.* Imperial Woolen Co., 261 Pa. 312; Eline *v.* Western Maryland Ry. Co., 262 Pa. 33; McMillen *v.* Strathmann, 264 Pa. 13; Onofrey *v.* Susquehanna Collieries Co., 274 Pa. 173.

We are of opinion that all the declarations made by Kelly and mentioned by the witnesses were mere hearsay, incompetent and insufficient to base a finding of fact that Kelly had a fall in the course of his employment.

2 D. & C.

With the elimination of the hearsay testimony, we find nothing in the proofs of either a direct or circumstantial character from which the referee could find that any compensable accident happened to Kelly in the course of his employment. None of the witnesses saw Kelly fall, nor did they see him on or about the roof. There is no testimony showing when he started to work on the morning of the alleged occurrence; nor does it appear that he had been engaged in his work on the premises at or before the time of the alleged fall, or where he was between that time and the making of the declaration to Todd or to any other person. On May 8, 1920, Kelly was suffering from some bodily injuries, but resort cannot be had to conjecture, surmise or incompetent testimony to base a finding of fact that he received those injuries from an accident in the course of his employment.

The doctors who testified for the claimant gave their opinions that the death of Kelly was hastened by an accidental fall from the roof. These opinions, based on the premise of an accident sought to be established only by incompetent evidence, are valueless as the record now stands.

The exceptions taken by the defendant to the findings of fact and conclusions of law are valid, and the appeal is sustained. Since, however, we sustain the exceptions to the findings of fact, and reverse the action of the board founded thereon, we order the record remitted to the board for further hearing and determination under section 427 of the Workmen's Compensation Act of June 26, 1919, P. L. 665.