Zagowsky *v.* John Hancock Mutual Life Insurance Company, Appellant.

Argued November 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*D. C. Jennings,* for appellant.

*Albert Florian Paslow,* for appellees.

OPINION BY HIRT, J., January 20, 1953:

Elizabeth Zagowsky, insured under three life policies issued by defendant John Hancock Mutual Life Insurance Company, died on April 30, 1950. Each of the policies contained a provision for the payment of additional benefits equal to the face amount, upon proof "that the death of the Insured was caused directly, independently and exclusively of all other causes, by a bodily injury sustained solely by external, violent and accidental means". Recovery was further limited by the provision: "The Company shall not be liable for the payment of the Additional Benefits . . . if such death results, directly or indirectly, or wholly or partially, . . . from any bodily or mental disease . . ." Steve Zagowsky, son of the insured was the named beneficiary in two of the policies and Julia Walker, a daughter, in the third. The defendant has paid the sum insured on the life of Elizabeth Zagowsky as specified in each of the policies. These actions were brought by the beneficiaries to recover additional benefits under the above double indemnity clause. The jury found for the plaintiffs and the lower court entered judgments on the verdicts. In these appeals the defendant contends that the court erred in refusing to enter judgment in its favor n.o.v. on the general ground that there is no evidence of the cause of death. The judgments will be reversed.

About 6:30 in the morning of April 30, 1950, the insured was observed lying on a flight of outside steps

leading to her son's home on Barry Street in Pittsburgh. The police, upon notice, immediately removed the body to South Side Hospital in Pittsburgh where she was declared dead. The only evidence as to her prior activities were that she had spent the evening of April 29 in a saloon, drinking wine and dancing from about 11 p.m. until midnight but was not intoxicated. She was 62 years old. The steps were of wood and were not of firm construction. But the insured had lived in her son's house for a year and a half and she was familiar with the condition of the stairway. The body was lying on the fourth step from the bottom, face down, with the head toward the wall of the house and one leg protruding through the railing on the outside of the steps. The injuries as evidenced externally were bruises on the legs, a cut on the upper lip below the nostril, and a second superficial cut on the forehead at the hair line. No autopsy was held and there was no medical testimony as to the cause of death.

The plaintiff's right to recover in each instance was limited by the terms of the policy to death from violent, external and accidental means, to the exclusion of any bodily or mental disease or infirmity. There were no witnesses to the occurrence although circumstantial evidence, in the light of the verdicts, may be accepted as establishing an accidental fall. The evidence from all of the circumstances however is insufficient, especially in view of the superficial injuries to the insured's body, to sustain a finding that death resulted solely from the fall or other accidental means. There is no other evidence and plaintiffs therefore have failed to meet the burden of proof, essential to charging the insurer with liability for double indemnity.

In *Keefer v. Life Ins. Co.*, 201 Pa. 448, 51 A. 366, the action was on a policy containing the same limita-

tion on the payment of additional benefits. The insured had died two days after a fall. In that case it was categorically stated as the established rule that the burden of proof was on the plaintiff to establish that death resulted as a consequence of the fall. Judgment for the defendant was affirmed for want of proof to that effect. In *Mulholland v. Fidelity & Casualty Co.*, 161 Pa. Superior Ct. 425, 55 A. 2d 561, the beneficiary sued for additional benefits under a similar clause, within the same limitation as imposed in the present policies. Following the trial of the case, in which the jury disagreed, the lower court entered judgment for the defendant insurer on the whole record. In that case there was no medical testimony of a causal connection between an injury from a fall and death. And we affirmed the judgment for the defendant because of the failure of the plaintiff, *"upon whom rested the burden of proof, . . . to present 'facts or circumstances from which the jury could infer legitimately to the exclusion of other inferences equally plausible that the insured's death resulted from an accident' "*. The above language in substance is a quotation from the leading case of *De Reeder et al. v. Travelers Ins. Co.*, 329 Pa. 328, 198 A. 45, in which the plaintiff beneficiary was denied additional benefits, under a like policy, because of her failure to meet the burden on her of proving that the insured met with an accidental death.

There can be no relaxing of the rule which places the burden on the present plaintiffs to prove that the death of the insured resulted from an external violent and accidental cause. In cases such as this, a fall, and nothing more, is not enough to support a claim for accidental death. Where a fall, though from accident, is established, there must be in addition either expert medical testimony or circumstantial evidence, or both,

which establish a causal connection between the fall and the death. Our research has failed to disclose a single case where recovery was allowed for accidental death under a similar limitation in the policy, except upon proof of the cause of death even where the insured was injured in a fall. Thus in *Stewart v. Prudential Ins. Co.*, 92 Pa. Superior Ct. 256, there was medical testimony that the cause of death of the insured, who fell on a stairway, was a resulting cerebral hemorrhage from a fracture of the skull. So also in *McCullough v. Railway Mail Assn.*, 225 Pa. 118, 73 A. 2d 1007, the marks of external violence on the insured's head from an accidental fall and a blood clot in the skull, disclosed at the autopsy, were sufficient support for the medical testimony that death resulted from brain concussion rather than disease. On parallel facts the proofs were the same in *Pomorskie v. Pruden'l Ins. Co. of Am.*, 318 Pa. 185, 177 A. 783. In *Speer v. West. & South. Life Ins. Co.*, 158 Pa. Superior Ct. 61, 43 A. 2d 562, where the insured was injured when he fell on a greasy, slippery concrete floor, the circumstances were sufficient to indicate an accidental fall and recovery was allowed on proof of an intra-cranial hemorrhage caused by a fracture near the base of the skull. The insured in *Taylor v. General Acct. Assur. Corp.*, 208 Pa. 439, 57 A. 830, was seen to fall as he was mounting four sandstone steps. There was nothing in his condition indicating that he was afflicted with any disorder that might have contributed to the fall or to his death shortly thereafter, and recovery was allowed on medical proof that death resulted from hemorrhage caused by the fall.

In general, the evidence, though wholly circumstantial may be sufficient to sustain recovery if in the proofs there are credited circumstances from which the jury may infer legitimately that the insured's death

resulted from accidental means. Cf. *Watkins v. Prudential Ins. Co.,* 315 Pa. 497, 173 A. 644. The circumstances in the present case, however, do not prove death from accident within the limitations of the additional benefit clause and there can be no recovery.

Judgments reversed and here entered for the defendant.