## Rosenblum v. United Natural Gas Co. (No. 2)

*Cyril T. Garvey*, for plaintiffs.
*David Goodwin*, for defendant.

McKAY, J., January 3, 1958.—The above three cases are before the court on preliminary objections filed by defendant to the respective complaints. The objection pressed in each case is that the averments of damages are not sufficiently specific. Since the cases grow out of a common occurrence and deal essentially with the same question, they were argued together and will be disposed of in a single opinion.

In the case of H. David Rosenblum and others, at no. 137, September term, 1956, the claim alleges that on March 1, 1955, an explosion allegedly due to the

negligence of defendant damaged plaintiff's building at 8-10 West State Street in the City of Sharon.

The complaint then alleges in paragraph (5) that: "The plaintiffs' premises were damaged and they sustained a loss of $2,850.00 as follows:

"(a) Replacement of two carrara glass store fronts and other repairs     $2,608.27

"(b) Replacement of broken plateglass windows     241.73

Total   $2,850.00"

As to this averment defendant contends that item (a) should be itemized and that the "other repairs" referred to should be specified.

In the Sinoway case at no. 138, September term, 1956, the complaint alleges that plaintiff is an optometrist with offices in a portion of the said building which was leased by him from the owners and that in the explosion plaintiff "sustained a loss in the amount of $1,872.60, as follows:

"(a) Damage to air conditioning, window display, eyeglass frames and various display stands, platform, silks, curtains, valance and rods, advertising signs, window lettering, plate glass, and cleaning     $900.00

"(b) Loss of business during period of repairs     864.50

"(c) Special advertising costs     108.10

$1,872.00"

With respect to this averment defendant contends that the amount of damage to the various items of personal property listed in subparagraph (a) should be itemized, and that the damage for loss of business referred to in subparagraph (b) should be more specifically averred.

In the case in which Stanley Hohenstein and others, trading as Carnegie Park Sportswear, are plaintiffs, at no. 139, September term, 1956, the complaint alleges that plaintiffs were lessees of a portion of the said building and that their "premises and the merchandise therein were badly damaged by the explosion and the ensuing fire, smoke and soot; and the plaintiffs thereby sustained a loss of $2,663 for damage to stock, awnings, flooring, wall decorations and lighting fixtures, and cleaning and renovating."

Defendant's preliminary objections attack this paragraph as being insufficiently itemized.

In all three cases, plaintiff contends that the damages are general damages and need not be itemized, particularly since discovery is available to defendant. The question raised is an interesting and somewhat troublesome one.

Under the Practice Act of May 14, 1915, P. L. 483, there was a conflict in the decisions of the lower courts as to whether items of damages claimed in trespass actions must be set forth with particularity. Some cases held that the practice under the Act of 1887 should be followed whereby plaintiff was not required to itemize damages in actions of trespass.[1] The majority of the courts, however, held that under the Practice Act, which in section 5 required that: "Every pleading shall contain . . . a statement in a concise and summary form of the material facts on which the party pleading relies for his claim," [2] plaintiff must aver his damages in itemized form insofar as practicable.[3]

---

[1] Ellsworth v. O'Keefe, 26 Dist. R. 277; Orth v. Consumers Gas Co., 14 Berks 100.

[2] Practice Act of May 14, 1915, P. L. 483, sec. 5, 12 PS §386.

[3] For example: Kohr v. Fox Packing Company, 27 Dist. R. 609; Hyde Park Gas Company v. Peoples Coal Company, 29 Dist. R. 841; Carra, to use of Ronca, v. American Equitable Assurance Co. of N. Y., 47 York 130; Herring v. East Penn Electric Company, 28 D. & C. 459; Rudawsky v. Peterfreund, 37 Luz. 356. See 3 Standard

The decisions applying the majority rule appear to have entirely ignored the rule that general damages need not be specifically pleaded. In 3 Standard Pa. Practice 169, that rule is stated as follows:

"It is fundamental that general damages—that is, damages such as necessarily result from the injury complained of—which are the ordinary, usual or natural consequences of the wrong done—are not required to be specially pleaded; averment of the facts showing the wrong done, together with a general averment of the resulting damage, is sufficient to authorize the recovery of such damages as would naturally follow from the act complained of."

It may be noted, however, that the Supreme Court decisions cited as support of this rule[4] are cases in which it was held that general damages could be *proved at the trial* even though they were not specifically averred in the pleadings. They do not deal directly with the question whether, upon timely application in advance of trial, a defendant may have the damages particularized.

The Rules of Civil Procedure do not deal with the question except as follows:

Rule 1019 (*a*) is similar to the Practice Act of 1915 in that it requires that "the material facts on which a cause of action is based shall be stated in a concise and summary form". Rule 1019 (*f*) provides that "items of special damage shall be specifically stated". Rule 1021 states that: "Any pleading demanding relief shall

---

Pa. Practice 454-58. In the Rudawsky case the court (Fine, J.), after listing both rules, states that it preferred the latter rule for the reason that the primary purpose of the statement was to enable defendant to prepare his defense and that he was entitled to such information.

[4] DuBois v. Glaub, 52 Pa. 238; Clark v. Steele, 255 Pa. 330; Leonard v. Baltimore and Ohio R. Co., 259 Pa. 51; Parsons Trading Co. v. Dohan, 312 Pa. 464.

specify the relief to which the party deems himself entitled."

Inasmuch as rule 1019 (f) provides that items of special damages shall be specifically stated, it is possible that the rule thereby implies that general damages are exempt from that requirement. Further, when it is considered that liberal discovery rules have now practically eliminated the need to detail damages in the complaint, it would seem that, when general damages are involved, as is true of most of the items in the present case, there is no reason to require that plaintiffs' damages be specifically stated in the .complaint. The delay incident to hearing and deciding preliminary objections on this point could be obviated without harm to defendant by requiring the latter to resort to the discovery procedure now freely available to him, and the defendant would thereby acquire the same information that he once could obtain only by asking for a more specific complaint.

However, we are faced with the fact that not only precedents in our own court,[5] but the great majority of cases in other jurisdictions which have considered the question, have held that a plaintiff must itemize his damages in trespass cases. · This is especially true where the damages are to personal property.[6]

---

[5] Lipinsky v. Graham, 88 D. & C. 156, and the unreported case of Russo v. Strickland at no. 87, June term, 1950.

[6] For example, Farrow v. Penna. Electric Co., 33 Erie 229, where damages to dwelling, furniture and clothing were held to be improperly lumped as to each class of property; Dutchess Underwear Corp. v. Swan Mfg. Co., 75 D. & C. 185, a replevin action, where the damages claimed of $999.25 for depreciation to ladies' pajamas were required to be made more specific, and McCormick v. The Elkwood Companies, Inc., supra, where damages to building, and cost of restoring furniture, separately lumped, were required to be particularized. See also Strausner v. Myers, 66 D. & C. 634; Fisher v. Metropolitan-Edison Co., 31 Dauph. 331; Steward v. Columbia Foundation Co., 48 Dauph. 184, and Vaugh, Jr., v.

The reason most commonly advanced in support of this position is that the purpose of pleading is to provide the opposite party with knowledge of all the facts surrounding the cause of action in order that he may be able to prepare his defense intelligently: McCormick v. The Elkwood Companies, Inc., 83 D. & C. 571. Another, though related reason that has been advanced is: "Conceivably, a defendant may wish to concede liability but contest with vigor the amount of damage claimed": Vaugh, Jr., v. White, 75 D. & C. 44, 45.

As in the earlier cases, the decisions since the adoption of the procedural rules which require itemization of damages have usually ignored the rule that general damages need not be specially pleaded. Hinkel v. Beiting, 69 D. & C. 129, however, meets that problem head on. It points out that there is a difference between the right of a plaintiff to *offer proof* under a general averment of damages where defendant has not asked for a more specific complaint, and the right of defendant to be advised of the basis of plaintiff's claim, and holds that general damages must be particularized in a personal injury case.

The Court of Common Pleas of Mercer County has adopted the same view in Lipinsky v. Graham, and Russo v. Strickland, supra, footnote 5.

It would appear that the question whether, in a trespass action, it should be required that general damages be specifically pleaded is a timely one for review by the Pennsylvania Committee on Procedural Rules.

Meanwhile, confronted as we are with clear precedents in our own jurisdiction which are supported by the overwhelming weight of authority in the others,

---

White, supra. Contra: Epstein v. Coleman, 30 North. 215; Delligatti v. Borough of Mt. Pleasant, 76 D. & C. 200; Hoover v. Sandomer, 62 D. & C. 153, and Williamson v. Carey, 37 D. & C. 653. In the cases last named, the decisions are based principally upon the rule that general damages need not be specially pleaded.

and with no appellate court authority to the contrary, we feel required to hold that plaintiffs' damages in the present cases must be particularized so far as is reasonably practicable, as requested in the pending preliminary objections.

Consequently, in the Rosenblum case, the "other repairs" mentioned in paragraph 5(a) should be specified, with their respective cost. In the Sinoway case, the amount of damages to each of the articles listed in paragraph 5(a) should be set forth, and the particulars of the damages for loss of business should be averred. In the Hohenstein case, the amount of damage to the stock, the signs, the awnings, etc., should be separately stated, although it is sufficient that the total be listed for each of said classes of personal property.

### Order

Now, January 3, 1958, it is ordered that the preliminary objections of defendant be sustained, and plaintiff is directed to file an amended, more specific complaint in accordance with the above opinion within 20 days of the date of this order.