### NORTON v. KULL et al.

(Supreme Court, Appellate Term. December 11, 1911.)

1. DEAD BODIES (§ 3*)—CONTRACT TO BURY—BREACH—COMPLAINT.

A complaint, alleging that defendants, who were undertakers, contracted to bury plaintiff's husband in a particular cemetery with the best materials obtainable, and in the best vacant burial plot in the grounds, but instead buried the body in a public grave and used inferior materials, and by reason thereof plaintiff was compelled to spend large sums of money to rebury her husband, to her damage, etc., stated a cause of action.

[Ed. Note.—For other cases, see Dead Bodies, Dec. Dig. § 3.*]

2. DAMAGES (§§ 56, 120*)—BURIAL—BREACH OF CONTRACT.

Where defendants, who were undertakers, contracted to bury the body of plaintiff's husband in a particular cemetery, and in the best vacant burial plot to be had on the grounds, and with the best of materials, but instead used poor materials and buried the body in a public grave, so that plaintiff was compelled, at her own cost, to rebury the same, her measure of damages was such an amount of money as would pay her for the loss sustained; she not being entitled to recover for injury to her feelings.

[Ed. Note.—For other cases, see Damages, Dec. Dig. §§ 56, 120.*]

3. DAMAGES (§ 141*)—PLEADING—NECESSITY.

A complaint is not demurrable for failure to allege damage; plaintiff in that case being entitled to recover nominal damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 406–412; Dec. Dig. § 141.*]

4. DAMAGES (§ 141*)—PLEADING—MEASURE OF DAMAGE.

A complaint is not demurrable because it states an erroneous measure of damages on which is predicated the demand for relief.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 408–412; Dec. Dig. § 141.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. PLEADING (§ 182*)—FAILURE TO REPLY—EFFECT AS ADMISSION OF COUN-
TERCLAIM.
    A counterclaim is deemed admitted in the absence of a reply.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 387, 388; Dec.
Dig. § 182.*]

Appeal from City Court of New York, Special Term.

Action by Mary Ann Norton against Matthias Kull and another. From an order of the City Court of New York denying defendants' motion for a judgment on the pleadings, they appeal. Affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Arthur O. Townsend (Hamilton Rogers, of counsel), for appellants. Milton Speiser (Max Greenberger, of counsel), for respondent.

PAGE, J. The motion was made upon a complaint and answer. The complaint alleges: (1) That the defendants were copartners and engaged in the undertaking business in the borough of Manhattan, city of New York; (2) that on the 13th day of January, 1911, the plaintiff and defendants entered into a contract for the burial of plaintiff's husband in the burial ground of St. Thomas Church, New York City, with the best materials obtainable and in the best vacant burial plot to be had in said grounds; (3) that to induce plaintiff to enter into the contract defendants falsely represented to the plaintiff that they were authorized to make burials in said grounds, of which they were the sextons, and that the materials they would use were to be of the best kind and nature obtainable; (4) that the defendants did not perform the contract, but buried plaintiff's husband in a public grave, and the materials were not as represented; (6) that by reason of the above-mentioned facts the plaintiff has been obliged to spend large sums of money in reburying her husband, to her damage; (7) "that by reason of the aforementioned facts the plaintiff has been damaged both in mind and body in the extent which she estimates at $5,000," and demands judgment for $5,000.

[1, 2] The complaint, in the first six subdivisions, states a good cause of action—alleging a contract, the breach thereof, and that plaintiff was damaged thereby. The seventh states an erroneous measure of damages. Her damage is such an amount as will repay for the money loss she has suffered because of the failure of the defendant to do as he agreed. In actions of this nature injuries to the feelings are not to be considered. Davis v. Standard National Bank, 50 App. Div. 210, 63 N. Y. Supp. 764.

[3] A complaint is not demurrable because it fails to allege damage. In such case the plaintiff would be entitled to recover nominal damage. Gause v. Commonwealth Trust Co., 111 App. Div. 530, 534, 97 N. Y. Supp. 1091.

[4] Nor is it demurrable because it states an erroneous measure of damages upon which is predicated the demand for relief.

"It has been repeatedly held, under the Code, that if the facts stated in a complaint entitle the plaintiff to any relief, either legal or equitable, it is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not demurrable on the ground that the party has not demanded the precise relief to which he appears to be entitled." Wetmore v. Porter, 92 N. Y. 76, 80.

[5] The answer contained a counterclaim to which plaintiff failed to reply. The allegations thereof are therefore admitted, and defendants will be entitled to offset the amount thereof against any amount that plaintiff may prove as her damage; but, as the learned justice below well said:

"It is impossible to say at the present time whether the amount of the same is sufficient to offset the claim of the plaintiff."

The motion was properly decided, and the order should be affirmed, with $10 costs and disbursements. All concur.