[No. 12833. Department One. January 28, 1916.]

Ernst Huschke, *Appellant*, v. Arcadia Orchards Company, *Respondent*.[1]

Waters and Water Courses—Irrigation—Contract to Furnish—Time—Reasonable Time. Where a deed of land, together with a perpetual water right, calls for a supply of water, without fixing the time when the same was to be furnished, the law fixes the time as a reasonable time, considering the facts within the contemplation of the parties at the time the contract was made.

Same—Contracts—Action for Damages—Pleading — Complaint—Sufficiency. In an action for damages for breach of contract to supply water called for in a water deed, the complaint states a cause of action in alleging the failure to supply the water and the resulting injury to fruit trees set out, and it is immaterial that plaintiff misconceived the measure of damages, and asked for the difference between the value of the land with and without water upon it, instead of the damage done to the fruit trees.

Same—Contracts—Breach—Measure of Damages. In an action for damages for failure to supply water called for by a water deed, resulting in injury to fruit trees, the proper measure of damages is the difference between the value of the growing trees had water been furnished and their value without the water, limiting the damages to such injuries as were occasioned by lack of water.

Appeal from a judgment of the superior court for Spokane county, Pendergast, J., entered December 28, 1914, sustain-

[1]Reported in 154 Pac. 800.

ing an objection to the admission of evidence, dismissing an
action on contract.   Reversed.

*Munter & Flood,* for appellant.

*Cullen, Lee & Matthews,* for respondent.

MORRIS, C. J.—Appeal from a judgment of dismissal based
upon the insufficiency of the complaint.   The complaint re-
cited, that, in March 1909, respondent sold to one Grant
two hundred acres of land, together with a perpetual water
right to the use of certain water for irrigation purposes dur-
ing the period from May 15 to September 1 of each year,
from canals, ditches, flumes or pipe lines to be constructed
by respondent, which would deliver the water at the highest
point of the granted land; that the grantee subsequently sold
twenty acres of this land to appellant, together with a pro-
portionate share of the perpetual water right as specified in
the deed to Grant; that appellant went into possession of his
land in 1910, purchased and planted a large number of fruit
trees, but that respondent failed and neglected to furnish
water as specified in the Grant deed, and had so failed up to
May 1, 1913; that appellant was unable to procure water
elsewhere; and that, by reason of respondent's failure to
comply with the terms of its contract in the furnishing of
water, he lost many of his fruit trees, and others were greatly
damaged.   It is then alleged that, with water, the land was
worth $400 per acre; without water, not to exceed $85; and
appellant's damage was consequently fixed at $6,300, for
which judgment was demanded.   Issues were joined, and a
jury impaneled to try the same, when respondent objected to
the admission of evidence upon the ground that the com-
plaint was insufficient.   This objection was sustained, and
appellant refusing to further plead, the cause was dismissed.

No time seems to have been fixed within which the water
was to be furnished; but inasmuch as the deed clearly calls
for a supply of water, the law fixes the time as a reasonable

time, considering the facts within the contemplation of the parties at the time the contract was entered into, and what would be a reasonable time would be one of the ultimate facts to be determined.

It is apparent that appellant has misconceived the measure of his damages in seeking to recover the difference between the value of the land with and without water, but this does not call for a dismissal of the action. It is not essential to the statement of a good cause of action that the complaint should set out a proper measure of damages, since that is a question of law to be determined by the court in instructing the jury, or in the conclusions of law if tried without a jury. If the appellant sufficiently stated a contract, its breach and proximate injury, he stated a cause of action, irrespective of what the pleader conceived to be the proper measure of damages. *Wetmore v. Porter*, 92 N. Y. 76; *St. Louis Southwestern R. Co. v. Jenkins* (Tex. Civ. App.), 89 S. W. 1106; *Norton v. Kull*, 74 Misc. Rep. 476, 132 N. Y. Supp. 387; *Weller v. Missouri Lumber & Mining Co.*, 176 Mo. App. 243, 161 S. W. 853; *Ara v. Rutland* (Tex. Civ. App.), 172 S. W. 993.

The proper measure of damages in the breach of a contract is the proximate injury. In this case the pleader alleged that proximate injury to be the destruction of a number of his fruit trees and damage to others. The measure of damages then would be the difference between the value of his growing trees had water been furnished within a reasonable time according to the terms of the contract and the value of the trees without water; bearing in mind, of course, all the elements which enter into the growth of fruit trees, and limiting the damages to such injuries only as were occasioned by lack of water. *Hanes v. Idaho Irrigation Co.*, 21 Idaho 512, 122 Pac. 859; 3 Kinney, Irrigation & Water Rights, p. 3139.

Reversed and remanded for new trial.

Fullerton, Mount, Ellis, and Chadwick, JJ., concur.