[No. 15097.  Department One.  July 29, 1919.]

ERNST HUSCHKE, *Respondent,* v. ARCADIA ORCHARDS
COMPANY, *Appellant.*[1]

WATERS AND WATER COURSES (98) — IRRIGATION — CONTRACT FOR
WATER—PERFORMANCE.  An irrigation company's contract to deliver
water is not breached where it was ready to deliver the water, but
the owner had failed to designate any point for delivery and had not
prepared his land to receive it.

SAME (102)—DAMAGES (117)—EVIDENCE—SUFFICIENCY.  Damages
for failure to furnish water for irrigating an orchard cannot be left
to speculation and conjecture, and a verdict without definite proof
cannot be sustained.

Appeal from a judgment of the superior court for
Spokane county, Wright, J., entered April 8, 1918,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on contract.  Reversed.

*Lee & Kimball,* and *Cullen, Lee & Matthews,* for
appellant.

*Charles Grant,* for respondent.

MACKINTOSH, J.—In *Huschke v. Arcadia Orchards
Co.,* 89 Wash. 423, 154 Pac. 800, will be found a prior
decision of this case, which remanded it for a new trial.
The facts are set forth in the former opinion, and it is
therefore unnecessary to refer to them here.  Upon
the new trial, which resulted in a favorable verdict for
the respondent, evidence was introduced as to what
would be a reasonable time to be afforded the appel-
lant in which to furnish the supply of water called for
in the contract.  Evidence was also introduced tending
to show that the appellant had furnished such water at
the place designated, but that respondent had made no
attempt to take the water nor had he prepared his land

[1]Reported in 182 Pac. 593.

for its reception. In *Pasco Reclamation Co. v. Rankert,* 73 Wash. 363, 131 Pac. 1143, we said:

"The evidence fairly shows that the only reason the water has not been delivered to the appellant is because of his failure to designate any point from which he desires to take water, and his failure to construct the necessary conduit thence to his land, as he agreed to do. The respondent can do no more than he has done until the appellant signifies where and how he desires to take the water."

The measure of damages, as established by this court in the former appeal, was the difference between the value of the trees with water and their value without the same. The respondent introduced no definite proof of such damage, and left the jury to arrive at the amount thereof by speculation and conjecture. The entire record is such that no facts were properly submissible for the jury's consideration, and the verdict returned by it must fall for the reason that it is without supporting evidence.

Judgment reversed.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.