## Parsons Trading Co. *v.* Dohan et al., Appellants.

Argued April 18, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Robert T. McCracken,* of *Montgomery & McCracken,* with him *Laurence H. Eldredge,* for appellants in appeal No. 196.—The statute of limitations bars the sci. fa. proceedings: Woodland Oil Co. v. Byers, 223 Pa. 241; Novice v. Alter, 291 Pa. 64; Shaw v. Megargee, 307 Pa. 447; Hacker's App., 121 Pa. 192; Taylor v. Glaser, 2 S. & R. 501, 504; Duncan v. Duncan, 1 Watts 322; Moritz's Contested Election, 256 Pa. 537, 542.

*Lester B. Johnson,* for appellants in appeal No. 205.— The trial judge erred in allowing statement of claim after verdict and after the bar of the statute of limitations: Com. v. Baxter, 235 Pa. 179; Goldberg v. Friederich, 279 Pa. 572; Frankel v. Donehoo, 306 Pa. 52.

*Russell Conwell Cooney,* with him *James A. Lynd,* for appellee.—The amendment to plaintiff's statement of claim was properly allowed: Hurt v. Canneries Co., 263 Pa. 238; Rodrigue v. Curcier, 15 S. & R. 81; Cassell v. Cooke, 8 S. & R. 268; Stewart v. Kelly, 16 Pa. 160; Cox v. Tilghman, 1 Whart. 287; Shannon v. Com., 8 S. & R. 444; Newlin v. Palmer, 11 S. & R. 98.

OPINION BY MR. JUSTICE DREW, May 22, 1933:

In April, 1920, the original defendants, manufacturers of paper, doing business as the Glen Mills Paper Company, contracted to sell to plaintiff 50 tons of vegetable parchment, later reduced to 30 tons, "fully up to standard, bright white, as free from specks as possible." Plaintiff, an exporter, desired the paper for resale to a customer in England. Shortly after the contract was entered into, the original defendants sold their business to the additional defendants, John M. and William H. Taylor, who agreed to carry out the unfinished contracts of the original defendants. Among these was the contract with plaintiff. The paper manufactured and delivered by the additional defendants was of inferior quality, being of different shades and full of specks, and the English customer recovered a judgment in England against plaintiff for breach of warranty, which plaintiff was forced to pay. Plaintiff thereupon brought this suit against the original defendants, who sued out a writ of scire facias to join the additional defendants, claiming that the latter were liable over to them. The jury returned a verdict for plaintiff for $18,063.80 against the original defendants, and a verdict in the same amount in favor of the original defendants against the additional defendants. The motions of the original defendants for a new trial and for judgment n. o. v., and the motion of the additional defendants for judgment n. o. v., were overruled by the court below, on condition that plaintiff amend its statement of claim to conform to the measure of damages proved at the trial and remit all the verdict in excess of $14,000. This was done, and judgments for $14,000 were entered, from which both sets of defendants appealed.

By its statement of claim, plaintiff sought to recover the amount of the English judgment paid by it, and its costs and expenses in connection therewith, a total of $19,571.54, with interest from January 1, 1923. The court below held that this was not a proper measure of

damages under the evidence, on the ground that it did not appear that at the time of the contract notice was given by plaintiff that it intended to resell to a customer in England. (Since plaintiff did not appeal, this ruling is not before us for review.) Plaintiff then sought to establish the market value of the goods delivered, in order to recover the difference between that value and the market value they would have had if they had been as warranted. Counsel for the original defendants objected to this evidence, on the ground that no such damages had been pleaded. The objection was overruled and the evidence admitted. This action of the court is assigned as error by the original defendants.

We are of opinion that the evidence was properly admitted. Damages are either general, those which are the usual and ordinary consequences of the wrong done, or special, those which are not the usual and ordinary consequences of the wrong done, but which depend upon special circumstances. General damages may be proved without being specially pleaded (Clark v. Steele, 255 Pa. 330; Leonard v. B. & O. R. R. Co., 259 Pa. 51), the averment of the facts showing the wrong done being sufficient to entitle plaintiff to establish them. Special damages, on the other hand, may not be proved unless the special facts giving rise to them are averred: Laing v. Colder, 8 Pa. 479; Stanfield v. Phillips, 78 Pa. 73. See Leonard v. B. & O. R. R. Co., supra. Furthermore, it is perfectly proper for a plaintiff to prove general damages, where the averments of the statement are sufficient to support them, even though he has, as here, pleaded and attempted to prove special damages: see Pulaski Stave Co. v. Lumber Co., 138 Ky. 372; Colrick v. Swinburne, 105 N. Y. 503; Hoskins v. Scott, 52 Ore. 271; Huschke v. Arcadia Orchards Co., 89 Wash. 423. Under no circumstances could such be considered a variance between the pleadings and the proof, and there has been no intimation of surprise on the part of defendants. The damages proof of which was here objected to because

they were not pleaded were general damages. By section 69 of the Sales Act of May 19, 1915, P. L. 543, it is provided that in the case of breach of warranty of quality, the buyer's loss, in the absence of special circumstances showing proximate damage of greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty. It is apparent, therefore, that in a case such as this, where the injury complained of is that the goods delivered were not as warranted, the general, or usual and ordinary, damages are measured by the difference between the value of the goods delivered and the value they would have had if they had been as warranted. This is exactly what was proved. The statement of claim set out in full the contract, the warranty, and the breach of warranty, and was clearly sufficient to permit proof of general damages. Since the damages were general, it was unnecessary to plead them specially.

The original defendants also contend that the court below erred in permitting plaintiff to amend its statement of claim, after verdict and after the statute of limitations had run, so as to allege the general damages which were proved. This objection is without merit. Since it was unnecessary specially to plead general damages, no harm could have been done defendants by the allowance of the amendment. There was no change in the cause of action, the basis of which, before as well as after the amendment, was the breach of warranty arising from the defective character of the goods delivered. Just such an amendment as that in the instant case was held, in Hurt v. Fuller Canneries Co., 263 Pa. 238, not to amount to a change in the cause of action. See also Puritan Coal Mining Co. v. P. R. R. Co., 237 Pa. 420; Armstrong & Latta v. Phila., 249 Pa. 39; Leonard v. B. & O. R. R. Co., supra.

Both sets of defendants contend that the evidence was not sufficient to entitle plaintiff to any damages. The

testimony on both sides conclusively shows that the market value, at the time of delivery, of paper of the quality contracted for was at least the contract price of twenty-three cents a pound. The president of plaintiff company testified that paper of the quality delivered was not worth anything for any purpose at the time of delivery. This testimony alone, if believed, was sufficient to support the verdict for plaintiff. Since there was evidence to carry the case to the jury, the lower court did not err in overruling defendant's motions for judgment. And, further, there was no abuse of discretion in the refusal of a new trial on the question of damages.

Two questions between the original defendants and the additional defendants remain. The first is, were the additional defendants liable over to the original defendants? It was provided in the agreement by which the additional defendants purchased the business of the original defendants that all unfilled contracts for paper, with certain exceptions not here material, should be carried out by the additional defendants. This could only mean that the additional defendants undertook to perform these contracts according to their terms. A defective performance which subjected the original defendants to liability for breach of warranty was, therefore, not a performance of their contract with the original defendants, and they are therefore liable to the latter for the damages suffered by them as a result thereof. It is argued that any such liability is rebutted by the clause providing that "the vendees do not undertake to pay or discharge any liabilities or obligations of the vendors except only the purchase contract obligations of the vendors." This clause has no application to this case. It is clear it was never intended to relieve the additional defendants from being answerable for a liability which they themselves created by their failure properly to perform a contract they had assumed.

Finally, it is urged that the liability of the additional defendants was barred by the statute of limitations. If their liability was upon a simple contract, it was barred, under the Act of March 27, 1713, 1 Sm. L. 76, by the fact that more than six years had elapsed between the breach of warranty and the time the additional defendants were made parties to the action. If, however, it arose upon a specialty, it was not barred, for that statute has no application to an action for breach of a covenant in a contract under seal: Novice v. Alter, 291 Pa. 64; see McQuesney v. Hiester, 33 Pa. 435; Ake & Feay's App., 74 Pa. 116; Ahrns v. Gas Co., 188 Pa. 249; Roblin v. Knights of Maccabees, 269 Pa. 139. Such an action is wholly outside the terms of the statute. The original agreement between the two sets of defendants, executed May 10, 1920, was not sealed, but on the same date a supplemental agreement referring to it and adding new provisions was executed in duplicate. The duplicate retained by the original defendants, which is the one pleaded and relied upon by them, was under seal. The one retained by the additional defendants was not, and it is contended that this fact deprived the duplicate retained by the original defendants of its character as a specialty. Each of the duplicates was itself an original. Neither depended for its validity or effect upon the existence or mode of execution of the other. Each was complete in itself, and since the one relied upon as the foundation of claim was under seal, the action as between the two sets of defendants is upon a specialty. It is conceded that if this supplemental agreement was a sealed instrument the whole contract is thereby made a specialty. The statute of limitations has therefore no application, as the court below properly held.

Judgments affirmed.