## Delligatti et al. v. Mt. Pleasant Borough

*Wm. M. Kahanowitz*, for plaintiffs.
*Oliver S. Shields* and *John M. Noel*, for defendants.

O'CONNELL, J., March 20, 1951.—This action began by the filing of a complaint in trespass as a result of an injury sustained by James Delligatti, minor plaintiff, who fell on a street at an intersection of St. Clair and Vine Streets in the Borough of Mt. Pleasant. Preliminary objections were filed by defendant, complaining: (1) That the complaint fails to conform to Pennsylvania R. C. P. 1019($f$) in that paragraph 6 of the complaint does not specifically state what part of St.

Clair Street was in disrepair; (2) that the complaint fails to conform to Pennsylvania R. C. P. 1019($f$) in that paragraph 7 thereof does not specifically state the length of time the therein mentioned condition had existed prior to July 23, 1948; (3) that said complaint fails to conform to Pennsylvania R. C. P. 1019($f$) in that paragraph 9 thereof does not specifically state the place (i. e. cartway or sidewalk) in St. Clair Street where minor plaintiff's foot tripped, and (4) the complaint fails to conform to Pennsylvania R. C. P. 1019($f$) in that paragraph 15 thereof does not aver the amount of expenses incurred for medical care and medicine and does not state the amount of each item of the expenses nor name the person or persons to whom the amounts were paid or are owing.

An examination of paragraph 6 of the complaint discloses that there is no merit to preliminary objection no. 1, and this objection is dismissed.

The complaint in paragraph 7 is to the effect that the loose, projecting and protruding bricks on the street or roadway of St. Clair Street had existed for a long period of time prior to July 23, 1948. We know of no rule of law which requires plaintiffs to fix a definite period of time as to how long the street had been in disrepair. The question is whether it was in disrepair for a period of time long enough that the officials should have known about it, and we find that the allegation contained in paragraph 7 is not objectionable, and therefore preliminary objection no. 2 is dismissed.

In paragraph 3 of the preliminary objections defendant complains that paragraph 9 of the complaint does not specifically state the place where minor plaintiff's foot tripped. As we read paragraph 9 of the complaint, minor plaintiff was crossing at the intersection of Vine and St. Clair Streets in the Borough of Mt. Pleasant, and when he reached a point at or near the sidewalk, he tripped and fell, due to an obstruction in the street,

and the location seems to be fixed well enough for defendant to ascertain its location, and this third preliminary objection is therefore dismissed.

In 2 Anderson's Pennsylvania Civil Practice, page 389, in discussing the question of time and place, he has this to say:

"The requirement that time and place be averred specifically does not require exact precision. The rule is satisfied if the time and place are sufficiently identified so that there is no uncertainty between the parties as to what time or what place is intended."

The last preliminary objection is that paragraph 15 of the complaint does not aver the amount of expenses incurred for medical care and medicine and does not state the amount of each item of the expenses nor name the person or persons to whom the amounts were paid.

"General or ordinary damages need not be averred or may be averred generally. This is not expressly provided by the rules but in the absence of any regulation the prior practice remains unchanged": 2 Anderson's Pennsylvania Civil Practice, page 390.

In the case of Leonard v. Baltimore and Ohio Railroad Company, 259 Pa. 51, the court said:

"In an action of tort, damages necessarily following as a natural and probable result of the injury may be proved without special averments, as defendant will be presumed to be aware of such consequences of his conduct, and hence cannot plead surprise when proof of such injury is made. . . . Damages of a special nature and not the usual consequences of the wrong complained of, however, must be specially averred that defendant may be informed of the claim and given an opportunity to prepare his defense: . . . but where the action is for injuries to the person the jury may consider, without special averment, pain and suffering, expense incurred for medical treatment and loss of time for inability to work at the usual occupation of the injured

person, inasmuch as these are the natural and usual results of an injury."

In the case of Parsons Trading Co. v. Dohan et al., 312 Pa. 464, 468, in an opinion by Mr. Justice Drew, we find the following:

"We are of opinion that the evidence was properly admitted. Damages are either general, those which are the usual and ordinary consequences of the wrong done, or special, those which are not the usual and ordinary consequences of the wrong done, but which depend upon special circumstances. General damages may be proved without being specially pleaded . . ., the averment of the facts showing the wrong done being sufficient to entitle plaintiff to establish them."

And now, to wit, March 20, 1951, the preliminary objections filed by defendant to plaintiff's bill of complaint be and the same hereby are dismissed.