## Lenker v. Thayer et al., etc.

*Hull, Leiby & Metzger*, for plaintiff.

*Paul J. Smith*, for defendants.

NEELY, J., May 2, 1955.—Defendants have filed preliminary objections to plaintiff's amended complaint

in assumpsit. These objections are in the nature of a motion for more specific complaint.

The amended complaint alleges that defendants in April of 1952 engaged plaintiff to perform architectural services on a project at a certain Lakeview Consolidated School. A copy of defendants' letter of May 6, 1952, initialed by plaintiff, is pleaded in the amended complaint as exhibit A, wherein is set forth approximately the basis upon which compensation should be paid to plaintiff for his services.

Plaintiff's amended complaint, however, alleges that subsequently defendants had changed plans and drawings previously approved; failed to complete certain drawings; failed to submit structural drawings; failed to make advances promptly to cover drafting and other costs, and that the failure "to coöperate and coördinate properly and normally increased the out-of-pocket expenses of plaintiff". It is alleged that due to this increase in plaintiff's out-of-pocket expenses defendants gave plaintiff "frequent oral assurances that the compensation of plaintiff by the Thayer Company would be fair and reasonable."

It is averred that "The fair and reasonable value of the services that plaintiff rendered for the Thayer Company is the reimbursement of plaintiff's out-of-pocket expenses attributable to the Lakeview Consolidated School plus an overrun of twenty-five per cent (25%)". The complaint alleges that the out-of-pocket expenses amount to $19,986.64, and that the 25 percent overrun thereon amounts to $4,996.66.

After making reference to this overrun the complaint avers "The fair and reasonable value of the services that plaintiff rendered for the Thayer Company amounts to Twenty-four thousand, nine hundred eighty-three dollars and thirty cents ($24,983.30)"; and further that "The Thayer Company has made advances on account to plaintiff totaling Twenty thou-

sand, three hundred fifteen dollars and fifty cents ($20,315.50)". This would leave an alleged balance due of $4,667.80.

In its final paragraph "plaintiff demands judgment in the amount of Four thousand, six hundred sixty-seven dollars and eighty cents ($4,667.80)". It thus appears clearly from plaintiff's amended complaint that suit is here brought for the balance due on what plaintiff claims to be the fair and reasonable value of the services rendered. An express contract for payment of this amount is not pleaded.

"Where services are rendered upon request, it is ordinarily a reasonable inference that the parties understand and agree that they are to be paid for, and accordingly, one rendering services at another's request ordinarily may recover from the other in quantum meruit for the value thereof. The law will imply an agreement to pay the reasonable worth of services performed for another at the latter's special instance and request where there is no agreement with reference to compensation to be paid": 58 Am. Jur., page 512, §4, Work and Labor.

In Bouvier's Law Dictionary, the term "quantum meruit", meaning "as much as he has deserved" is defined as follows:

"When a person employs another to do work for him, without any agreement as to his compensation, the law implies a promise from the employer to the workman that he will pay him for his services as much as he may deserve or merit. In such case the plaintiff may suggest in his declaration that the defendant promised to pay him as much as he reasonably deserved, and then aver that his trouble was worth such a sum of money, which the defendant has omitted to pay. This is called an assumpsit on a quantum meruit."

Plaintiff here pleads a departure from the agreement for compensation as set forth in the letter of May

6, 1952, and avers that subsequent to that letter there were oral assurances that plaintiff should be paid what his services were fairly and reasonably worth, but no fixed agreement as to compensation is pleaded. We think that from the manner in which plaintiff has pleaded this case it is clearly apparent that his action is in assumpsit on a quantum meruit. He is endeavoring to recover as much as his services are reasonably worth. We think, however, that plaintiff's amended complaint is not sufficiently specific, and in reality amounts to a lumping of charges.

In 3 Standard Pa. Practice, 236, §107, it is stated, inter alia:

". . . It is not sufficient . . . when different items of damage flowing from the breach of the contract are set forth, simply to state the damages in a lump sum. Under the decisions of the courts construing the Rules in actions of assumpsit, the lumping of charges is not permissible in the pleading."

In Knedler v. Clouse et ux., 53 Dauph. 228 (1942), this court said that on quantum meruit plaintiff should have enumerated the specific dates on which certain medical services were rendered. In The Aldwyn Corporation v. Fidelity and Deposit Company of Maryland et al., 54 Dauph. 273 (1943), this court struck off a statement of claim because it contained a lumping of charges. Judge Hargest said as to the statement at page 277:

". . . It is woefully inadequate. The cost of the extra work is not specifically set out. The claim is a claim in bulk for 'the fair, usual and reasonable cost of the two rigid frame bridges at Stations 840.89 and 799, and of the additional extra work, including furnishing materials, labor, insurance, overhead and profit' of $70,287.16.

"Moreover, this is a suit on a bond for labor and materials, and bulked in the claim is an amount for

'insurance, overhead and profit'. As to the extra work, there is no such concise statement as the law requires. Messersmith vs. Nelson, 48 Dauph. 449.

"The statement also claims for the 'fair, usual and reasonable rental of equipment and machinery' amounting to $16,986.80, but it does not itemize what the machinery was, or on what terms it was rented, or for what period it was used. This is also a woefully inadequate claim."

See, also, Leonard, Executrix, v. Dolaway, 76 D. & C. 452 (1951).

Pa. R. C. P. 1019 (f) provides: "Averments of time, place and items of special damage shall be specifically stated." Plaintiff claims that the damages which he sets forth in his amended complaint are not special damages, but that they are general damages, and hence rule 1019 (f) does not apply. We do not agree with this contention. In Parsons Trading Co. v. Dohan et al., 312 Pa. 464, 468 (1933), the Supreme Court said:

". . . Damages are either general, those which are the usual and ordinary consequences of the wrong done, or special, those which are not the usual and ordinary consequences of the wrong done, but which depend upon special circumstances."

We think damages in support of an action in quantum meruit for services rendered are essentially special in character. These damages depend upon the nature of the services rendered, their particular value and the special circumstances under which they were rendered. We think the damages which plaintiff claims are special and must be pleaded as such. Accordingly, therefore, we enter the following

*Order*

And now, May 2, 1955, the preliminary objections are herewith sustained and leave is granted to plaintiff to file a further amended complaint within 20 days in accordance with this opinion.