## Weingrad v. Fischer & Porter Company

*Stanford S. Hunn,* for plaintiff.

*Marvin L. Portney,* for defendants.

POWER, J., April 11, 1968.—This matter comes before the court for disposition of preliminary objections to plaintiff's complaint.

Plaintiff, in his complaint, sets forth, in two counts, two separate causes of action against defendants. The first count, based upon common-law pleading, seeks the recovery of money damages in assumpsit for the alleged breach of an employment contract. The second count, based upon the Wage Payment and Collection Law of July 14, 1961, P. L. 637, sec. 1, et seq., 43 PS §260.1 et seq., also seeks the recovery of money damages for the breach of an employment contract.

The preliminary objections filed on behalf of defendants request plaintiff to file a more specific complaint, move to strike the complaint and demur to the second count of the complaint.

The portions of plaintiff's complaint brought into focus by the motion for a more specific complaint are paragraphs 4 and 7. The aforementioned paragraphs read as follows:

"4. Plaintiff commenced employment with the corporate defendant on or about February 17, 1964 under an oral agreement which was modified by and continued by the written agreement, Exhibit 'A'. During the period of his employment, plaintiff received from

the corporate defendant other benefits including medical, surgical, hospitalization and major medical insurance coverage and had his employment continued in accordance with the contract, would have received disability insurance protection effective August 1, 1967. . . .

"7. By reason of the corporate defendant's violation of the contract, Exhibit 'A,' plaintiff has sustained the following damages:

"A. Loss of salary from August 1, 1967 to May 30, [sic] 1969, in the amount of $43,125.00 (Forty-three Thousand One Hundred Twenty-five Dollars).

"B. Loss of use of a four-door Oldsmobile Delta hardtop with air conditioning plus complete service, insurance, gasoline and oil from the time of termination to May 30, [sic] 1969.

"C. Hospitalization, medical, surgical and major medical insurance benefits in protection from August 1, 1967 to May 30, [sic] 1969.

"D. Disability insurance protection and benefits from August 1, 1967 to May 30, [sic] 1969.

"E. Moving and relocation expenses incurred in finding other employment.

"F. Damages to his professional reputation as a result of the corporate defendant's unwarranted termination of his agreement."

Paragraph 9 of plaintiff's complaint alleges that he had made a demand upon the corporate defendant for payment of damages as set forth above. However, paragraph 9 does not state what that demand was and, further, the ad damnum clause does not make a demand of a specific amount of money damages, but recites only a claim against the corporate defendant in an amount in excess of $10,000.

As a general proposition of law, the pleading of damages should be done with as much detail as is possible: 11 P. L. Encyc., Damages, §121. General

or ordinary damages, which are the usual and ordinary consequences of the wrong done, may be proved without being specially pleaded, or they may be pleaded generally: 11 P. L. E., Damages, §122. This is not to say that general damages will not be required to be pleaded with specificity, inasmuch as the courts of this Commonwealth have consistently held that there must be a degree of particularity in the pleading of damages in order to enable the parties to intelligently prepare for trial: Stoll v. Andreadis, 60 D. & C. 577, 579.

A review of the complaint which has been filed in this action would indicate that the general relief and general damages, to which plaintiff would be entitled upon proper proof, are in the nature of damages for the loss of wages and fringe benefits resulting from the breach of the employment contract for the period during which plaintiff remained unemployed, together with any difference or differential in the wages and fringe benefits for the balance of the period covered by the employment contract. These items can be reduced to a liquidated sum for the balance of the contract subject to reduction at the time of trial or settlement of this matter as the result of plaintiff's mitigation of same.

Inasmuch as exhibit "A (1)," the written contract of employment, provides only for the yearly salary to be paid to plaintiff, the use of the company automobile, and sick leave and vacations, in accordance with established policies of the company, it would appear as though plaintiff, if he desires to recover for various and sundry insurance benefits provided by the company, would have to establish an oral agreement pertaining to these matters. This oral agreement would, of necessity, have to be pleaded with particularity. As it is pleaded in paragraph 4 of the present complaint, it is insufficient in particularity. There-

fore, paragraphs 2, 3 and 4 of defendants' preliminary objections, which request the filing of a more specific complaint, are hereby sustained.

Defendants' objections to paragraph 7 of the complaint also appear to be well taken. As stated above, the general damages to which plaintiff appears to be entitled upon proper proof can and should, in the court's opinion, be pleaded with particularity. In this regard, plaintiff could obtain the necessary information by Rule 4007(a) of the Pennsylvania Rules of Civil Procedure. This rule specifically provides that discovery is available to a party if it "will substantially aid in the preparation of the pleadings. . . ." Plaintiff cannot take the position that defendants know as well as he what the items of damages are. He is the moving party in this action, and defendants, in order to prepare their defense, are entitled to full items of damages, dates, specific statements and distinct particulars, and the complaint should show how the damages were ascertained: Borough of Kingston v. Luzerne Anthracite, Inc., 38 Luz. 197, 202.

In the natural course of events, a defendant would, of necessity, appear to have some knowledge of the facts surrounding the cause of action which plaintiff alleges. However, this does not, and never has, relieved plaintiff from pleading his full cause of action. Therefore, defendants' preliminary objections requesting a more specific complaint, as related to paragraphs 7 (b), (c) and (d) of the complaint, are hereby sustained.

The court realizes that some confusion exists in the law as to whether the subject of damages can be properly raised by preliminary objections (Baehr v. Hagan No. 2, 76 D. & C. 251, 254), but, to the contrary, see 3 Standard Pa. Prac. 168, 169.

Paragraphs 7 (e) and 7 (f) of plaintiff's complaint allege items of special damages. Special damages

are damages that are not directly related to plaintiff's cause of action. They are not the usual and ordinary consequences of the wrong done, but depend upon special circumstances. It is well established that special damages may not be proved without averring specific facts giving rise thereto: Parsons Trading Co. v. Dohan, 312 Pa. 464, 167 Atl. 310 (1933). Plaintiff's complaint fails to plead the necessary facts which would support a recovery of the damages averred in paragraphs 7 (e) and 7 (f) of the complaint. Therefore, paragraphs 8 and 9 of defendants' preliminary objections, requesting the filing of a more specific complaint, are hereby sustained.

In view of the foregoing, it is the court's opinion that it need not discuss defendants' motion to strike for failure to conform to local rule 1021 (a), paragraph 10 of the preliminary objections, inasmuch as a new pleading will have to be filed; and that pleading, it is anticipated, will conform with the aforementioned local rule.

It remains now for the court to dispose of defendants' preliminary objections in the nature of a demurrer to the second count of plaintiff's complaint, which count purports to set forth a cause of action under the Wage Payment and Collection Law of July 14, 1961, supra. Section 5 of the aforementioned act is the heart of said act, and paragraph (a), which is applicable to this action, provides as follows:

"Section 5. Employes who are separated from payroll before paydays.—

"(a) Separated Employes. Whenever an employer separates an employe from the payroll, or whenever an employe quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable."

The facts pleaded in the complaint aver that plaintiff was notified on July 28, 1967, that his services would no longer be necessary and that his employment was terminated with the Fischer & Porter Company, effective July 31, 1967. It is inferable from the complaint that plaintiff was compensated up to and including July 31, 1967. It is contended by plaintiff that this act, which incidentally provides for interest, penalties and recovery of attorneys' fees in the event of the successful prosecution of the wage claim, applies to his claim for future wages which were due under his employment contract, which contract, for the purpose of deciding this demurrer, we regard as having been breached.

Defendants, in replying to plaintiff's contention, answer that section 5 (a) of the aforesaid act states that ". . . wages or compensation *earned*, shall become due and payable. . . ." The court agrees with defendants' contention that proper emphasis should be placed upon the word *earned*. Plaintiff, under the facts of this case, earned his compensation through July 31, 1967, and it is inferable from the complaint that he was paid to this date. Thereafter, plaintiff did not work or perform any services for defendant and, therefore, did not earn any compensation.

Statutes of the type which the court is here considering have been considered to be generally penal in nature and, therefore, to be construed strictly. See Annotation, Discharge—Payment of Wages, 90 A.L.R. 2d 606, 619, sec. 7. Strict construction of section 5 of this act would dictate that this court concur in the interpretation advanced by defendants, namely, that "back wages or wages already earned" must be paid on or before the next regular payday. The act, as we view it, has no application to wages agreed to be paid in the future for services to be rendered in the future.

Laws of this nature are not new to this country, although the same cannot be said as to this Commonwealth. No case has been cited to the court, nor has the court on its own initiative been able to find a case directly bearing on the question here presented. However, research by the court has revealed ample authority pertaining to the purpose for the enactment of statutes similar to the one in question. In this regard, the Supreme Court of Oregon has stated as follows (State v. Oregon State Motor Assn., 432 P. 2d 512, 515):

"The policy of the statute is to aid an employe in the prompt collection of compensation due him and to discourage an employer from using a position of economic superiority as a lever to dissuade an employe from promptly collecting his agreed compensation. . . . The smaller the amount of the unpaid compensation the greater is the need for assistance in effecting collection."

The Supreme Court of Missouri has also stated (Monterosso v. St. Louis Globe-Democrat Publishing Co., 368 S. W. 2d 481, 489):

". . . One of the objects of the statute is to effect a quick payment to the wage earner of wages due and unpaid at time of discharge."

It is clear from the foregoing that the purpose of statutes of this nature is to effect a quick payment of wages or compensation *due* in order to undercut any position of economic superiority possessed by the employer. The court construes the word "due," as used in the above context, and "earned," as used in section 5 of the statute here in question, to mean due or earned in exchange for labor or services performed. This is easily inferred from the purpose ascribed to the enactment of statutes of this nature by the Supreme Court of Oregon in its observation that, "The

smaller the amount of the unpaid compensation the greater is the need for assistance in effecting collection." Any other interpretation would lead to what we believe to be an absurd result, contrary to the intention of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552(1). As was noted by the Court of Appeals of New York in People v. Vetri, 309 N. Y. 401, 408, 131 N. E. 2d 568, 572:

"The law affords wage earners ample civil remedies for the purpose of assuring them full payment of all . . . benefits accruing to them under their contract of employment."

Accordingly, defendants' demurrer to the second count of plaintiff's complaint will be sustained. The following order is, therefore, entered:

## ORDER

And now, April 11, 1968, for the reasons set forth in the foregoing opinion, defendants' preliminary objections 1 through 9 are hereby sustained. Leave is granted to plaintiff to file an amended complaint within 20 days from the date of this order.