## Warren v. Sheinbaum

*J. Joseph McCluskey*, for plaintiffs.
*Maxwell H. Cohen*, for defendants.

WILLIAMS, P. J., December 14, 1972.—Plaintiffs filed a complaint in equity in which they allege that defendants, without their consent, built a shale road upon property owned by them; that defendants, in constructing said road, deposited debris on their land which still remains there and that the debris consists primarily of stumps and rocks.

The complaint further alleges that defendants, without plaintiffs' consent, cut down and removed scotch pine trees, each about seven feet high.

The relief sought is three-fold:

(1) The defendants be perpetually restrained from entering upon and using plaintiffs' land;

(2) Damages in the sum of more than $2,000 but less than $10,000 resulting from the said trespasses;

(3) General relief.

Defendants filed preliminary objections seeking a more specific pleading in two respects:

(a) That the complaint is vague and lacking in particularity in that it fails to set forth the number, age and condition of the trees allegedly cut down and removed from plaintiffs' property;

(b) That the complaint fails to set forth a specification of damages allegedly suffered by plaintiffs.

The preliminary objections also raised the defense of laches, which was not argued, and is considered withdrawn.

## DISCUSSION
### *Specificity in Pleadings*

Defendants complain that the complaint is not sufficiently specific as to the age, condition and number

of pine trees allegedly cut down and removed from plaintiffs' land. In his brief, counsel for defendants argues that defendants have this information from knowledge obtained outside of the pleadings and information sought may be obtained through discovery proceedings. These arguments lose force when it is borne in mind that the primary function of pleadings is to form the issues and to restrict the proof at trial to those issues, while the function of transmitting information is ancillary thereto. Personal knowledge of defendants or discovery proceedings do supply the requested information to the adverse party but such information is not part of the pleadings and does not satisfy the primary function of the pleadings.

In Carvella v. Handy Andy Food Mart, 44 D. & C. 2d 133, 137 (C. P. Lawrence Co., 1968), the court sustained the application for more specific pleading and Judge Lyon said:

"Plaintiff's sole contention in opposition to defendants' motion for more specific pleadings is that depositions or interrogatories of plaintiff have already fully provided defendants with the information that is sought in the motion. Therefore, it is argued, the question of whether defendants are entitled to the factual information requested in the motion is now moot, and for this reason the motion must be dismissed.

"The argument for dismissal fails to recognize that Rules of Civil Procedure are drawn on the theory that the issues are to be formed by the pleadings and discovery process is merely an auxiliary aid to counsel: Molder v. Xillas, 22 Beaver 74 (1960). It also fails to take into consideration the legal effect given to pleadings during the course of trial by the rule that the probata must concur with the allegata: Freer v. Parker, 411 Pa. 346, 192 A. 2d 348 (1963). Neither allegations without proof nor proof without allega-

tions, nor allegations and proof which do not substantially correspond, will entitle the plaintiff to relief unless the defect be remedied by amendment: Kirshon v. Friedman, 349 Pa. 171, 36 A. 2d 647 (1944). The wrong proved must be the wrong properly alleged, not merely another wrong in the same legal category: Aland v. P-G Pub. Company, 337 Pa. 259, 10 A. 2d 5 (1940)."

We see no hardship to a plaintiff to require him to plead specifically the information sought by the preliminary objection to the extent that is reasonably practicable. Such information is largely known to plaintiff when the pleadings are drawn and to aver this information in the complaint is a relatively simple matter. It can be both costly and time consuming to require a defendant to obtain this information by depositions or the employment of interrogatories. It will make for a more expeditious and prompt trial of lawsuits if the issues are clearly formed by the pleadings. Discovery depositions and answers to interrogatories, while useful for cross-examination and obtaining information, are not part of the pleadings and form no issues.

### Specificity in Pleading Damages

Pennsylvania Rule of Civil Procedure Rule 1019(f) provides:

"Averments of time, place and items of special damage shall be specifically stated."

In Parsons Trading Co. v. Dohan et al., 312 Pa. 464, 468, 167 Atl. 310 (1933), Mr. Justice Drew said:

"Damages are either general, those which are the usual and ordinary consequences of the wrong done, or special, those which are not the usual and ordinary consequences of the wrong done, but which depend upon special circumstances. General damages may be

proved without being specially pleaded (Clark v. Steele, 255 Pa. 330; Leonard v. B. & O. R. R. Co., 259 Pa. 51) . . ."

The decisions are in conflict as to whether defendant may require medical expenses, loss of earnings and the nature of permanent injuries be specifically pleaded.

In Delligatti et al. v. Mt. Pleasant Borough, 76 D. & C. 200, 202, 203 (C.P. Westmoreland Co., 1951), a trespass action defendant filed preliminary objections seeking a more specific averment of medical expenses. The court quoted the definitions of general damages set forth in Leonard and Parsons, supra, inferentially held that medical expenses were general damages which need not be specifically pleaded, even when requested by the defendant at the pleading stage, and dismissed the objections, citing Magdule v. Feather, 44 D. & C. 2d 192, 195, 196 (C.P. Lebanon Co., 1968), where President Judge Gates commented:

"We are of the opinion that a plaintiff claiming general damages ought not to be required in his complaint to specifically itemize these damages, and any defendant put at a pretrial disadvantage by this general pleading ought to resort to the many available remedies by way of discovery. In the main, this information is readily made available to opposing counsel in the settlement negotiations or upon request out of professional courtesy . . ."

Delligatti was followed by the court in Ball v. Fenstermaker, 24 D. & C. 2d 312, 313 (C.P. Lycoming Co., 1961), although President Judge Williamson expressed some reservation:

"It is better to have more specific statements as to the amount of damages than in this complaint."

On the other hand, a contrary result was reached in a line of cases which distinguished the Leonard and

Parsons decisions. As early as 1941, President Judge Rowley queried whether due regard had been given to the Practice Act of 1915 in the Leonard decision: Watson v. Rich, 42 D. & C. 475, 476, 477 (C.P. Mercer Co., 1941). After the Rules of Civil Procedure had become effective, the Court of Common Pleas of Fulton County sustained a motion for a more specific complaint in Hinkel v. Beiting, 69 D. & C. 129, 135, 136 (1949), and President Judge Sheely said:

"The motion for a more specific complaint relates to the claim for damages and complains that plaintiff has lumped his claim without stating the amounts expended for hospital, medicines, and X-rays, or to whom they were paid, and without stating any facts concerning his employment, his income, or the extent to which his earning power has been impaired . . .

"Defendant is entitled to know these facts so that he may be able to answer intelligently and to determine what items he can admit and what he will contest: See 3 Standard Pa. Practice 465, and cases there cited. Plaintiff relies upon Leonard v. B. & O. Railroad, 259 Pa. 51, 56 (1917), Parsons Trading Co. v. Dohan et al., 312 Pa. 464, 468 (1933), and Ackerman v. City of Williamsport, 227 Pa. 591 (1910), all of which hold that damages necessarily following as a natural and probable result of the injuries may be proved without special averments. *Those cases do not hold, however, that defendant cannot compel plaintiff to specify his damages. There is a difference between the right of plaintiff to offer proof under a general averment of damages where defendant has not asked for a more specific complaint, and the right of a defendant to be advised of plaintiff's claim.*" (Italics supplied.)

Consistently with the query expressed in Watson v. Rich, supra, the Court of Common Pleas of Mercer

County has chosen to follow Hinkel in preference to Delligatti: Russo v. Strickland (C.P. Mercer Co., June term, 1950, no. 87); Lipinsky v. Graham, 88 D. & C. 156, 159, 160 (C.P. Mercer Co., 1954); Rosenblum v. United Natural Gas Co. (No. 2), 14 D. & C. 2d 239, 244 (C.P. Mercer Co., 1958). Accord: Price v. Pennsylvania Railroad Co., 17 D. & C. 2d 518 (C.P. Dauphin Co., 1958). More recently, in Fahrney v. Food Fair Stores, Inc., 81 Dauph. 1 (C.P. Dauphin Co., 1963), the court sustained an application for the more specific statement of damages, and Judge Herman said:

"It cannot be doubted that an essential purpose of pleading is to provide the opposite party with knowledge of the facts surrounding the cause of action. Although Rule 1019(f) requires only items of special damage to be specifically stated, *the great majority of courts require general damages to be particularized in so far as reasonably practicable when such is requested in the form of a preliminary objection.* For these reasons plaintiff in the case before us will be required to amend his pleadings accordingly: Cattarius, Exrx. v. Horn, 77 Dauphin 8 (1961); Commonwealth ex rel. Alpern, Atty. Gen. v. Penna. Coal Co., 75 Dauphin 190 (1960); National Novelty Co., Inc. v. Zuvich, 71 Dauphin 372 (1958); Rosenblum v. United Natural Gas Co. (No. 2), 14 D. & C. 2d 239 (1958)." (Italics supplied.)

The majority opinion is that plaintiff must particularize general damages as far as is reasonably practicable. We agree with the majority opinion.

## ORDER

And now, December 14, 1972, preliminary objections 1 and 2 are sustained. Preliminary objection 3 is dismissed. Plaintiff is given a period of 20 days to file an amended more specific complaint in accordance with this opinion.