## Labadie v. Cilurso

*Walter Olenick*, for plaintiff.
*William G. Ross*, for defendant.

WILLIAMS, P. J., March 14, 1973.—This matter is before us on preliminary objections to plaintiff's complaint in trespass. The complaint is based on a cause of action arising out of an accident which occurred on April 16, 1972, when plaintiff, a pedestrian, was struck by a motor vehicle driven by defendant.

Oral argument was scheduled for March 5, 1973, at 10 a.m. Counsel for plaintiff appeared but counsel for defendant did not. Briefs have been filed by counsel for both parties and we will proceed to dispose of the issues raised by the preliminary objections and dispense with oral argument.

The first preliminary objection is to paragraph 4 of the complaint, which reads as follows:

"Plaintiff sustained injuries as follows: a fractured pelvis as a result of which Plaintiff was required to use a walker for a period of time subsequent to the accident. Other injuries sustained were minor abrasions and contusions, and a severe shock to her nervous system."

Defendant contends that this allegation is impermissibly vague and does not conform to the Pennsylvania Rules of Civil Procedure. We do not agree with this contention. The allegation that plaintiff suffered a fractured pelvis is certainly specific. The allegation that "Other injuries sustained were minor abrasions and contusions, and a severe shock to her nervous system" is an averment of general damages and need not be specially pleaded. Pennsylvania Rule of Civil Procedure 1019(f) only requires special damages to be specifically pleaded.

Damages are either general or special. Damages which are the usual and ordinary consequences of the wrong done are general: Parsons Trading Co. v. Dohan et al., 312 Pa. 464, 468, 167 Atl. 310 (1933).

Minor abrasions and contusions and shock to the nervous system are a usual and ordinary consequence of a pedestrian being struck by a motor vehicle and need not be specifically pleaded.

We think plaintiff's injuries have been sufficiently pleaded to inform defendant of their nature. If more information is desired, defendant should resort to discovery.

The second preliminary objection relates to paragraph 8 of the complaint, which reads as follows:

"By reason of the aforesaid Plaintiff's son William Labadie was required to lose time from his occupation to attend to and care for Plaintiff."

This objection is well founded. If plaintiff has any right to recover for services rendered by her son, the son's loss of wages is not the proper measure of damages: Walker v. City of Philadelphia, 195 Pa. 168 (1900); Formichella v. Wagner, 51 D. & C. 2d 119 (1970).

## ORDER

And now, March 14, 1973, preliminary objection no. 1 is dismissed. Preliminary objection no. 2 is sustained. Defendant is given 20 days in which to file a responsive pleading to plaintiff's complaint.