J-A28002-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| MICHAEL DUFFY | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL ZHAO | : | |
| | : | |
| Appellant | : | No. 1692 WDA 2019 |

Appeal from the Judgment Entered October 18, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD-12-003835

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                      FILED NOVEMBER 24, 2020

Appellant, Daniel Zhao, appeals pro se from the judgment entered on October 18, 2019, in favor of Plaintiff, Michael Duffy (hereinafter "Plaintiff"), and against Appellant, in the amount of $625,000.00.  We affirm.

The trial court ably summarized the underlying facts of this case:

> The underlying action arose from the souring of a longstanding business relationship between [Plaintiff] and [Appellant].  In 1997, Plaintiff and [Appellant] entered into a joint venture to sell industrial equipment to companies in the metal industry.
>
> Between 1997 and 2009, the parties engaged in more than [20] business opportunities where they arranged for the purchase and sale of equipment.  [Appellant] formed the company United Rolling Mill Technology, LLC ("URT") in 2007. Plaintiff was not employed by URT, however, he held business cards and an email address with the company.
>
> Plaintiff and [Appellant] continued to make sales through June 2009. At that time, [Appellant] alerted Plaintiff to a potential sale with the Dalishen Group ("Dalishen"), which is

located in China. [Appellant] asked Plaintiff to find a metal finishing mill that would have for sale equipment required by Dalishen. The parties learned that Aleris Aluminum Sheet Rolling Mill ("Aleris") was for sale and traveled to Canada to visit and inspect the mill. They further learned that Aleris produced the type of equipment needed by Dalishen. Dalishen ultimately purchased the equipment and URT was paid a $2.5 million commission. [Appellant] failed to share the commission with Plaintiff.

Trial Court Opinion, 1/6/20, at 1-2.

Following a four-day trial, the jury found in favor of Plaintiff, and against Appellant, in the amount of $625,000.00. Appellant filed a post-trial motion and raised the following claims:

> During the trial, [Appellant] was not permitted to present any evidence, despite having already presented the planned exhibits to the Plaintiff during [Appellant's] deposition. Such evidence, if viewed by the jury, would have refuted Plaintiffs testimony and exhibits. The jury never saw any exhibits from [Appellant].
>
> During the trial, [Appellant] was instructed to present [his] closing statement ahead of Plaintiff's closing statement, this was against standard procedure and prevented [Appellant] from making an effective statement to the jury before jury deliberations.
>
> Question 2 of the verdict and interrogatories to the jury is about unjust enrichment claim. The wording of Question 2 is inappropriate. The question mistakenly stated that "Mr. Zhao keeping the full $2,500,000.00 commission profit from the Aleris equipment sale." The mistakes occurred on multiple fronts: (a) Mr. Zhao did not keep the full $2.5 million, the $2.5 million was paid by sellers of Aleris to URT, LLC, a limited liability corporation; (b) the $2.5 million was not commission profit, it was revenue pre-cost URT generated from the commission of the sale; (c) the Aleris sale was not about equipment, but was a sale of the entire Aluminum metals plant. Thus, [Appellant] did not receive personal benefit in the amount of $2.5 million from the Aleris plant sale. The jury

- 2 -

should not have been instructed to consider [Appellant] personally benefitted in the amount of $2.5 million when deliberating unjust enrichment claim.

However, unjust enrichment is not within the Plaintiff's legal basis for claims in the Plaintiff pretrial statement. In Plaintiff's pretrial statement only contained two claims: breach of partnership agreement and breach of fiduciary duty. Importantly, jury rejected the Plaintiff's allegation that Plaintiff Michael Duffy and [Appellant] Daniel Zhao formed an oral partnership agreement, or a partnership by implication, to identify and pursue opportunities together to buy and re-sell industrial equipment in the metals industry, and to facilitate the sale and purchase of such equipment directly by buyers and sellers, and to share equally in the profits.

Therefore, jury determined that there was no partnership agreement between Plaintiff and [Appellant], the basis for Plaintiff's complaint. [Appellant] could not be held responsible for breach of partnership agreement or breach of fiduciary duty if there was never a partnership. During the trial, Plaintiff's only claim was the formation of the partnership with [Appellant], and Plaintiff never made any claim about any other arrangement with [Appellant] for any compensation. The jury should not have been instructed to consider unjust enrichment and award the Plaintiff benefits.

Moreover, consistent with [Appellant's] preliminary objections and brief in support of preliminary objections filed on Jan 22, 2013, Plaintiff's unjust enrichment claim fails to state a claim upon which relief can be granted.

Plaintiff failed to meet the pleading requirements of Rule 1019(f).

    1. Plaintiff's amended complaint fails to satisfy the specific pleading requirements of Rule 1019(1) of the Pennsylvania Rules of Civil Procedure. Damages in quantum meruit and for unjust enrichment—i.e., special damages—must be specifically pled in a party's complaint. Pa.R.Civ.P. 1019(f); Pulli v. Warren Nat. Bank, 412 A.2d 464, 465 (Pa. 1979). The party seeking to recover on a theory of quantum meruit has the burden of proving the performance of services, the acceptance of

such services, and the valuation of those services. In re Dart's Estate, 232 A.2d 724, 726 (1967); Lenker v. Thayer, 3 Pa. D. & C.2d 117, 120 (Pa. Corn. P1. 1955).

Here, Plaintiff's complaint makes no allegation regarding the reasonable value of the services he rendered to [Appellant] or the injustice that would result if [Appellant] retained the benefit of such services. The Plaintiff never discussed the value of services rendered in the absence of implied partnership agreement. Instead, the complaint merely states that Plaintiff expected to be paid 50% of the fee received by URT and that he and [Appellant] agreed to the same. Because such minimal statements do not satisfy the specific pleading requirements of Rule 1019(f) and because jury rejected the existence of the partnership agreement, this court should not have instructed jury to consider unjust enrichment claim.

2. Plaintiff failed to plead that the value of his services exceeds [Appellant's] offer of payment.

Unjust enrichment also fails because Plaintiff alleged that [Appellant] offered him payment for his services but failed to prove that this payment was unreasonable outside of the purview of their implied partnership. To establish a claim under the equitable doctrine of unjust enrichment, a plaintiff must show: (a) benefits conferred on one party by another; (b) appreciation of such benefits by the recipient; and (c) acceptance and retention of those benefits under such circumstances that it would be inequitable for the recipient to retain the benefits without the payment of their value. Durst v. Milroy Gen. Contracting, Inc., 52 A.3d 357, 360 (Pa. Super. Ct. 2012).

Because Plaintiff's allegation that [Appellant's] offered payment is inequitable is based on the partnership agreement between them, and because jury rejected the existence of this agreement, this court should not have included unjust enrichment claim in questions to the jury.

In conclusion, due to Question 2 in the interrogatories to the jury, the amount of money awarded to the Plaintiff was

excessive, and [Appellant] motions to this court to remittitur relief.

Appellant's Post-Trial Motion, 9/25/19, at 1-3 (some capitalization omitted).

The trial court denied Appellant's post-trial motion on October 16, 2019 and, on October 18, 2019, judgment was entered on the verdict.

Appellant filed a timely notice of appeal. He raises the following claims to this Court:

> 1. Did the trial court err when the trial court judge failed to disqualify and recuse himself for bias and prejudice against [] Appellant?
>
> 2. Did the trial court err when [the] trial court judge let his own bias influence [the] jury and effect an outcome of the trial that aligns with his own bias?

Appellant's Brief at 12 (some capitalization omitted).

On appeal, Appellant claims that the trial court showed unfair bias against him and that the trial court judge erred in failing to "disqualify and recuse himself for bias and prejudice against Appellant." Id. at 24. According to Appellant, the trial court judge was biased against him because: the judge "had already formed an opinion as to the desired outcome of the trial prior to the start of trial;" the judge "repeatedly interrupted Appellant during [Appellant's] opening statement to the jury;" during trial, "Appellant noticed what he would later realize were potentially ex parte communications between [Plaintiff's counsel] and [the] trial court judge;" the judge "attempt[ed] to dismiss the jury" during trial; the judge "allow[ed] his bias to impact rulings on evidence;" the judge "allow[ed] his own opinion to impact interrogatories

to the jury;" and, the judge "allow[ed] his bias to influence jury deliberations and direct[ed the] jury to reach an outcome in line with [the] trial court judge's opinion." Id. at 24-45 (some capitalization omitted).

As our Supreme Court has held, "[i]n this Commonwealth, a party must seek recusal of a jurist at the earliest possible moment, i.e., when the party knows of the facts that form the basis for a motion to recuse. If the party fails to present a motion to recuse at that time, then the party's recusal issue is time-barred and waived." Lomas v. Kravitz, 170 A.3d 380, 390 (Pa. 2017). In this case, Appellant did not request that the trial court recuse himself at any time prior to or during trial and Appellant did not raise any of his current claims of bias or error during trial or in his post-trial motion. Further, although Appellant claims that he only became "convinced" of the trial court's bias during oral argument on his post-trial motion, all of Appellant's claims relate to actions that occurred during trial, in front of Appellant, and would have been known to Appellant at the time they occurred. See Appellant's Brief at 20.

Therefore, since Appellant failed to seek the trial court's recusal during trial – when Appellant would have "know[n] of the facts that form[ed] the basis" of his recusal claims – and since Appellant did not include any of his current claims in his post-trial motion, all of Appellant's claims on appeal are waived. See Lomas, 170 A.3d at 390; Pa.R.A.P. 302(a) ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal");

Pa.R.C.P. 227.1(b) ("post-trial relief may not be granted unless the grounds

therefor . . . are specified in the motion").

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/24/2020